In re Robert A. TARDUGNO and Charlotte K. Tardugno, Debtors.

**Salem Five Cents Savings Bank, Appellant,**

v.

**Robert A. Tardugno and Charlotte K. Tardugno, Appellees.**

**BAP No. MW 98–102.**

United States Bankruptcy Appellate Panel of the First Circuit.

Dec. 6, 1999.

Thomas E. Pontes and Wynn & Wynn, P.C., Raynham, MA, on brief, for appellant.

John F. Davis and Boudreau, Mitchell & Davis, Andover, MA, on brief, for appellees.

Before: VOTOLATO, Chief Judge, LAMOUTTE and HAINES, Bankruptcy Judges.

VOTOLATO, Chief Judge.

Before the panel is Salem Five Cents Savings Bank's ("Salem Five") appeal of a bankruptcy court order denying its request for: (1) reconsideration; and (2) for

leave to file a late response to Debtors' objection to its proof of claim. For the reasons set forth below we vacate the bankruptcy court order denying the motion to reconsider, and remand for further proceedings consistent with this opinion.

## BACKGROUND

On April 29, 1998, Robert and Charlotte Tardugno filed a petition under Chapter 13. Soon thereafter extensive litigation took place between the Debtors and Salem Five, beginning with Salem Five's first motion for relief from stay regarding an unimproved parcel of land in Andover, Massachusetts. That motion was denied, without prejudice. Thereafter, Salem Five filed a secured proof of claim in the amount of $216,124.89 regarding the Andover real estate. Salem Five also objected to the Tardugnos' proposed Chapter 13 plan, and confirmation was denied. After that, Salem Five filed a second motion for relief from stay, which was also denied.

On September 23, 1998, the Debtors filed a notice of intended sale of Salem Five's collateral for $225,000, to which Salem Five filed a limited objection. On the same date, Salem Five filed an objection to confirmation of the Debtors' amended plan. The Debtors subsequently withdrew their notice of intended sale of the Andover property.

The case continued in this highly adversarial mode with the Debtors filing an objection to Salem Five's secured proof of claim,[1] and on October 28 the bankruptcy court issued a Notice of Nonevidentiary Hearing and Response Deadline of December 2, 1998. Hearing on the objection to claim was scheduled for December 21, 1998, at 10:00 a.m. The court notice also stated: "If no objection or response is timely filed, the court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice." Notice of Nonevidentiary Hearing,

Appendix to Appellant's Brief, Exhibit U. True to the parties' desire to litigate everything, when the Debtors filed a second amended Chapter 13 plan and a renewed motion to sell the Andover property, both were objected to by Salem Five.

Salem Five failed to file an objection or response to the Debtors' objection to claim, and on December 4, 1998, the bankruptcy court, by a one-word order, sustained the Debtors' objection to Salem Five's claim and canceled the hearing scheduled for December 21, 1998. On December 14, 1998, Salem Five filed a "Motion for Reconsideration and for Leave of Court to File Late Response to: Debtors' Objection to Claim of Salem Five Cents Savings Bank." In its motion, Salem Five alleged that:

> Due to mistake, inadvertence or excusable neglect, the Movant failed to file a response to the Debtors' aforementioned Objection to Claim. Although the date set for hearing by the Court, December 21, 1998 at 10:00 A.M. was diaried by counsel, the date set forth in said notice for filing a response to the objection was inadvertently not diaried by counsel or his staff. Counsel did not realize that the response deadline had passed.

Salem Five's Motion for Reconsideration, Appendix to Appellant's Brief, Exhibit JJ. Salem Five also argued that the hyperactive and litigious nature of the case consisting of motions, objections, withdrawals, notices of hearing, etc., all served to create confusion, the error, and the resulting excusable neglect.

On December 19, 1998, without hearing, and again by a one-word order, the bankruptcy court denied Salem Five's motion for reconsideration and request for leave to file a late response. Endorsement Order, Appendix to Appellant's Brief, Exhibit KK. It is this order that Salem Five complains of on appeal. On January 7,

---

1. As grounds the Debtors state:

the Bank has failed to attach sufficient documents justifying its claim, that the amount of the claim is unjustified, and that the claim should be disallowed or subordinated

on account of the bank's bad faith and unclean hands.

Objection to Claim, Appendix to Appellant's Brief, Exhibit S.

1999, the Bankruptcy Appellate Panel issued a temporary stay pending appeal, and on February 16 the Panel extended the stay for the entire pendency of this appeal. *See* Orders of January 7, 1999, and February 16, 1999, Docket Nos. 4 and 8.

Salem Five argues that under 11 U.S.C. § 502(j) and Fed.R.Bankr.P. 3008, reconsideration of a disallowed claim should be allowed for cause, and that the "for cause" standard is less stringent than the "excusable neglect standard" discussed in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Salem Five also points out that even under the excusable neglect standard, relief is appropriate under the five factors set out by the Supreme Court in *Pioneer.* For these reasons, Salem Five argues, the bankruptcy judge committed reversible error in denying the motion to reconsider.

### DISCUSSION

 The bankruptcy court order denying Salem Five's motion to reconsider is reviewed under the abuse of discretion standard. *See In re Sun Pipe Line Co.,* 831 F.2d 22, 25 (1st Cir.1987); *Neal Mitchell Assocs. v. Braunstein (In re Lambeth Corp.),* 227 B.R. 1, 7 (1st Cir. BAP 1998). As the First Circuit has stated: "Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir.1988). In the instant case, because the bankruptcy court's reasoning for its decisions is not articulated, application of this standard on review is impossible.

In *Lambeth,* the panel dealt with a similar issue. The Chapter 7 Trustee objected

to a creditor's proof of claim and the creditor filed a timely response. *Lambeth,* 227 B.R. at 2–3. A preliminary hearing was held on the objection, and the creditor was directed to file an amended proof of claim containing specific information. *Id.* at 3–4. At the close of the preliminary hearing, the bankruptcy judge informed the parties that if the Trustee objected to the amended claim, another hearing would be scheduled. *Id.* The creditor complied in part by timely filing the amended claim, but failed to include therein all the information required by the Court. *Id.* at 4. The Trustee objected to the claim as filed and the court issued its notice of "Nonevidentiary Hearing and Response Deadline," *id.,* which contained its standard language: "If no objection or response is timely filed, the court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice." *Id.*[2] The creditor, believing (mistakenly) that an answer was not required, let the deadline pass for filing a timely response to the Trustee's objection. *Id.* at 5. The bankruptcy court, by endorsement order, canceled the hearing, sustained the Trustee's objection, and disallowed the claim. *Id.* at 4.

On appeal, the Bankruptcy Appellate Panel held that the bankruptcy court abused its discretion by disallowing the creditor's claim, considering the conflicting instructions and the history of the dispute. *Id.* at 10. In its ruling the Panel noted that review under 11 U.S.C. § 502[3] was improper, as the bankruptcy court had not ruled on the substance of the pending claim, *id.* at 7, and stated:

> Motions for reconsideration are reviewed either under the "excusable neglect" or the "good cause" standard. Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or pro-

---

2. This is the same language used in the instant case.

3. Section 502(j) provides that an order on an objection to claim may be reconsidered for

ceeding," "[o]n motion and upon such terms as are just," upon a finding of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b).[4] *Id.* The Panel then looked to *Pioneer Investment Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), regarding the application of the excusable neglect standard. *Lambeth,* 227 B.R. at 8. In *Pioneer,* the Court embraced a "flexible understanding of 'excusable neglect,'" 507 U.S. at 389, 113 S.Ct. 1489, saying that the determination of whether neglect is excusable is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.... These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. 1489 (footnote omitted). While the *Pioneer* Court's analysis focused on Fed.R.Bankr.P. 9006, its rationale is equally applicable to other rules, including Fed.R.Civ.P. 60(b). *Id.* at 393, 113 S.Ct. 1489; *see also Lambeth,* 227 B.R. at 8 n. 12.

In the case at bench the Debtors' objection was sustained and Salem Five's $216,000–plus claim was disallowed, with no reasons given, and its Motion for Reconsideration was likewise summarily denied by a one word endorsement order. Given the busy travel, evidenced by Salem Five's very active and continuous participation throughout the case, we are unaware of and therefore unable to evaluate the basis for the bankruptcy judge's decision. Whatever factors underlie or caused the bankruptcy judge to make the ruling(s) in question, there is nothing in the record

upon which the Panel may conduct a reasoned review. Accordingly, the bankruptcy court order denying Salem Five's motion to reconsider is VACATED and the matter is REMANDED for further proceedings consistent with this opinion.[5] Specifically, the bankruptcy judge should either: (1) conduct a hearing in accordance with the standards enunciated in *Pioneer, supra,* or (2) place in the record the findings and conclusions which were the basis for his denial of Salem Five's motion to reconsider.

---

cause ... [and] "may be allowed or disallowed according to the equities of the case."

**4.** Rule 60(b) is incorporated into bankruptcy procedure by Fed.R.Bankr.P. 9024.

**5.** The stay pending appeal issued by the BAP is to remain in effect only until this matter comes before the bankruptcy judge on remand, so that he may exercise his original authority and discretion regarding the subject property.