383 B.R. 359 (2008)
Pierre R. AUGUSTIN, Debtor,
Pierre R. Augustin, Appellant,
v.
Chase Home Finance, LLC, Appellee.
No. 07-40066-NMG.
United States District Court, D. Massachusetts.
March 3, 2008.
*360 Pierre R. Augustin, Lowell, MA, pro se.,

MEMORANDUM & ORDER
GORTON, District Judge.
On September 26, 2005, Pierre R. Augustin ("Augustin") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. That bankruptcy has been extensively litigated, including multiple appeals to this Court over the past two years. The present appeal by the Debtor is from a denial by the Bankruptcy Court of his Motion for. Reconsideration of its Order Granting Relief to the mortgagee/appellee, Chase Home Finance, LLC ("Chase").
I. Factual Background
Chase is the holder of a mortgage on the premises located at 28 Cedar Street, Lowell, Massachusetts ("the Property"). This appeal arises out of Chase's effort to foreclose on that mortgage and Augustin's attempt to prevent such foreclosure on the grounds that he has rescinded the mortgage pursuant to 15 U.S.C. §§ 1601 et seq., the Truth in Lending Act ("TILA").
A borrower, in a residential mortgage transaction, has an unconditional right to rescind until midnight on the third day following the completion of the transaction. 15 U.S.C. § 1635(a). TILA requires creditors to disclose to borrowers who negotiate mortgages the terms and conditions of the loan, including the debtor's right to rescind where such a right exists. That disclosure must be provided, in duplicate, to each borrower. Id. In the event that disclosure is not properly made, the rescission period is extended from three days to three years. 15 U.S.C. § 1635(f).
Augustin contends that Chase provided him with inadequate notice of terms, i.e. instead of two copies each for himself and his wife, he claims to have received only one copy altogether. He alleges that his rescission period was, therefore, extended to three years from the loan date of April 15, 2004 and that he submitted a notice of rescission on September 21, 2006. Chase responds that the notice was adequate and *361 has produced a TILA Disclosure Statement that Augustin and his wife both signed indicating that they received, the required copies.
The Property was not initially exempted from Augustin's bankruptcy estate but, pursuant to 11 U.S.C. § 362(a), any foreclosure proceedings against it were automatically stayed pending resolution of the bankruptcy proceeding. On December 10, 2005, Chase filed a Motion for Relief "from Automatic Stay on the grounds that the encumbrances on the Property outweighed its liquidation value so that Augustin had no equity in it and the automatic stay was therefore unnecessary and inappropriate. 11 U.S.C. § 362(d). That motion was allowed by the Bankruptcy Court in an order dated December 27, 2005 ("the Order Granting Relief'). Augustin's legal claim to a right of rescission of the mortgage pursuant to TILA, which was ripe at the time that he filed his petition for bankruptcy, was also not initially exempted from the bankruptcy estate.
Throughout the year 2006 Augustin made several attempts to amend his bankruptcy petition to exempt the Property and his" TILA claim from the estate. His motions to amend were denied on November 9, 2006 and an appeal of that denial remains pending in a separate proceeding. On January 26, 2007, Augustin filed an Emergency Motion to Revise and Revoke Order and, a few days later, an Emergency Motion for Restraining Order Forbidding Foreclosure. Notwithstanding their unconventional titles, those motions urged the Bankruptcy Court to reconsider its Order Granting Relief and were, accordingly, treated together by the Bankruptcy Court as a motion for reconsideration. At the motion hearing on February 1, 2007, counsel for Chase submitted to the Court its copy of the TILA disclosure form executed by Augustin and his wife at the origination of the loan. Both borrowers signed the form immediately below the statement "I acknowledge receiving two copies of this Notice of Right to Cancel form." The motion for reconsideration was denied.
II. Legal Analysis,
A. Standard of Review
Although legal conclusions of a bankruptcy court are ordinarily reviewed de novo, Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int'l, Inc.), 132 F.3d 104, 107 (1st Cir.1997), denials of motions for reconsideration are reviewed only for abuse of discretion. Salem Five Cents Savings Bank v. Tardugno (In re Robert A. Tardugno), 241 B.R. 777, 779 (1st Cir.BAP1999). Abuse of discretion occurs when 1) a material factor deserving significant weight is ignored, 2) an improper factor is relied upon or 3) the proper factors are assessed but the court makes a serious mistake in weighing them. Id.
B. Application
Careful review of the Bankruptcy Court record makes it abundantly clear that Bankruptcy' Judge Rosenthal was aware of all the material factors governing Augustin's motion for reconsideration and did not rely on any improper factors in reaching his decision to deny it.
The motion for reconsideration raised no new factual claims nor any patent error of law in the Order Granting Relief. It was simply an effort to raise a different legal argument arising out of facts that were known at the time that the Order Granting Relief was issued. Augustin does not contend that the Order was improper given that the encumbrances on the Property exceed its value. He contends rather that in valuing the encumbrances the Court should not have included the Chase mortgage *362 which he claims to have rescinded. Bankruptcy Judge Rosenthal was aware of Augustin's contentions and decided that, because Augustin's TILA rescission claim is disputed and has not been resolved in his favor, the mortgage lien remains effective and nothing warrants reconsideration of the Order Granting Relief. That decision was not clearly erroneous as a matter of law and, therefore, did not constitute an abuse of discretion.
The proper avenue by which the Debtor should have presented this claim was not to seek reconsideration of the wholly unobjectionable Order Granting Relief but rather to seek, in the Bankruptcy Court, the exemption of the legal claim from the bankruptcy estate and then to commence a new action in the District Court on that basis. Indeed, Augustin has done something similar: he moved to amend Schedule C (exemptions) to his bankruptcy petition to include this very legal claim but that motion was denied. His appeal of that denial is pending and, furthermore, he has initiated a separate action in this Court to pursue the TILA claim.
At the February 1, 2007 hearing Bankruptcy Judge Rosenthal commented that consideration of the merits of the TILA claim was unnecessary to the disposition of the then-pending motion for reconsideration. Such an analysis would be similarly irrelevant here and this Court declines to undertake it. Because the motion for reconsideration identified no new evidence or clear errors of law, Bankruptcy Judge Rosenthal did not abuse his discretion in denying it. Chase's motion to dismiss this appeal will, therefore, be allowed.
ORDER
For the foregoing reasons, the appellee's motion to dismiss (Docket No. 7) is ALLOWED and Augustin's appeal is DISMISSED.
So ordered.