BOUDIN, Circuit Judge.
 

 Appellant Fish Market Nominee Corp. (“Fish Market”) was the owner of an entertainment complex in Baltimore’s Inner Harbor area which closed in June 1989. Fish Market failed to pay real estate taxes for the years 1989-90 and 1990-91. The property was sold at a tax sale on May 13, 1991, and, through a subsequent purchase from the tax sale buyer, appellees G.A.A., Inc. and H.N.R.G., Inc. eventually acquired non-pos-sessory tax title to the property, subject to Fish Market’s right of redemption.
 

 On December 7, 1993, GAA and HNRG obtained an amended order of redemption from the Baltimore City Circuit Court requiring Fish Market to pay $1,056,852.79 within 30 days or lose its right of redemption. On January 6, 1994, Fish Market filed for protection from its creditors under chapter 11 of the bankruptcy code, 11 U.S.C. § 1101
 
 et seq.,
 
 forestalling under the automatic stay provision .(11 U.S.C. § 362(a)) any further action by GAA and HNRG to foreclose Fish Market’s redemption rights.
 

 After an initial meeting of creditors, 11 U.S.C. § 341, the United States Trustee, also an appellee here, filed for dismissal or (alternatively) conversion of the case to a liquidation under chapter 7. Following a hearing, the bankruptcy judge granted the motion to dismiss the case on March 31, 1994, noting that Fish Market had no employees, no ongoing business operations, no income, and no cash; that there was no indication of any agreement for new financing; and that the debtor was unable to pay the property taxes on the property and had left the property uninsured.
 

 Upon dismissal by the bankruptcy court, Fish Market made an oral motion for a stay pending appeal which was immediately denied by the bankruptcy judge. That same afternoon, GAA and HNRG obtained from the Baltimore City Circuit Court final decrees terminating Fish Market’s right of redemption. GAA and HNRG paid just over $1.4 million for the property. Thereafter, it was resold to the City of Baltimore for $1.7 million.
 

 On April 7, 1994, Fish Market began an adversary proceeding in the bankruptcy court under 11 U.S.C. § 362(h). It sought damages and a temporary restraining order vacating the final decree of the Baltimore City Circuit Court and preventing GAA and HNRG from taking further action to obtain possession of the property; the premise was that the state proceedings had violated the automatic stay of section 362(a). The bankruptcy court denied the temporary restraining order on April 15 and dismissed the adversary proceeding on June 20, 1994.
 

 Fish Market then pursued two separate appeals in the district court. The first appeal challenged the bankruptcy court’s dismissal of the chapter 11 ease; this appeal was dismissed as moot on the motion of GAA and HNRG. The second appeal challenged the dismissal of the April 7 complaint in the adversary proceeding; the district court affirmed the order of the bankruptcy court. Fish Market separately appealed both district court orders. We consolidated the two appeals and now affirm.
 

 Appeal from the Dismissal of the Chapter 11 Case.
 
 We consider first whether Fish Market’s chapter 11 proceeding was properly terminated. Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), provides that a case may be dismissed or converted to chapter 7 for cause; Fish Market poses no challenge to the bankruptcy court’s findings of fact, which amply justified the termination of the chapter 11 proceeding.
 

 Fish Market nevertheless insists the bankruptcy court erred by failing to explain its decision to dismiss the case rather than to convert it to a liquidation proceeding under chapter 7. Citing
 
 In re Superior Siding and Window, Inc.,
 
 14 F.3d 240, 242 (4th Cir.
 
 *6
 
 1994), Fish Market argues that conversion is a separate choice that must be explicitly considered by the bankruptcy court. The short answer to the argument is that Fish Market waived it by failing to raise it in the bankruptcy court.
 
 In re Mark Bell Furniture Warehouse, Inc.,
 
 992 F.2d 7, 9 (1st Cir.1993).
 

 The district court granted appellee’s motion to dismiss Fish Market’s appeal on mootness grounds without further explanation. Apparently, the district court thought that the transfer of the property meant that there was nothing of substance left in the estate. It could be argued that so long as the appeal in the adversary proceeding remained open, Fish Market retained some hope, however forlorn, of recovering its right of redemption. We need not pursue the mootness issue further, preferring to affirm on the merits the bankruptcy court’s dismissal of the chapter 11 case.
 

 Appeal from the Dismissal of the Adversary Proceeding.
 
 In the adversary proceeding, Fish Market argued that the state court proceedings to foreclose its right of redemption were independently unlawful because they violated the automatic stay of 11 U.S.C. § 362(a), as extended by Fed.R.Civ.P. 62(a) for 10 days after dismissal of the chapter 11 case. This alleged violation, Fish Market argues, should entitle it at least to damages, if not to a return of its interest in the property by reestablishing its right of redemption.
 

 It is common ground that state court proceedings to foreclose a right of redemption are barred during the period while the automatic stay is in effect. Section 362(a) protects the estate of the debtor from adverse claims unless the court lifts the stay in particular instances,
 
 see
 
 11 U.S.C. § 362(d), or unless such claims fall within codified exceptions not applicable here. But the stay under section 362(a) itself expired as soon as the judgment dismissing the chapter 11 case was entered, 11 U.S.C. § 362(c);
 
 In re De Jesus Saez,
 
 721 F.2d 848, 851 (1st Cir.1983), unless Fed.R.Civ.P. 62 operated to extend the stay, a question we have never decided.
 

 Excepting injunctions, receivership actions, and some accountings, Rule 62(a) provides that “no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry.” The rule primarily serves to give one against whom a money judgment is entered time to post a supersedeas bond to stay enforcement of that judgment pending appeal. It is clear in this case that no action by the appellees was an “execution” on the judgment of dismissal.
 
 [1]
 
 The only question that remains is whether GAA’s and HNRG’s commencement of proceedings in state court to terminate Fish Market’s right of redemption constituted “enforcement” of the judgment of dismissal.
 

 Contrary to Fish Market’s position, Rule 62(a) does not purport to make a judgment ineffective for 10 days after entry; on the contrary, the judgment retains full force and effect for other
 
 purposes
 
 — e.g.,
 
 res judicata.
 
 Instead Rule 62(a) merely stays proceedings to
 
 enforce
 
 the judgment, for example, discovery to determine the location of a judgment debtor’s property available to satisfy the judgment.
 
 Cf. Huron Holding Corp. v. Lincoln Mine Operating Co.,
 
 312 U.S. 183, 189, 61 S.Ct. 513, 515, 85 L.Ed. 725 (1941) (noting that although supersedeas stays execution it does not impair the finality of the judgment). We hold that a state court proceeding to foreclose a right of redemption is not “enforcement” of a judgment dismissing a chapter 11 case.
 
 [2]
 

 To conclude, the dismissal of the chapter 11 proceeding was a proper disposition on the present record. As for the adversary proceeding, we conclude that Fed. R.Civ.P. 62(a) does not extend section
 
 *7
 
 362(a)’s automatic stay for 10 days after a chapter 11 case is dismissed, resolving the issue left open by
 
 In re De Jesus Saez,
 
 721 F.2d 848.
 

 Accordingly, the decision of the district court in No. 95-1483 is
 
 affirmed;
 
 the decision of the district court in No. 95-1074 is
 
 modified
 
 to affirm the bankruptcy court on the merits and, as modified, is
 
 affirmed.
 

 [1]
 

 . “Execution” refers to process issued to enforce a judgment — for example, an order to the marshal to seize assets to pay such a judgment. Fed.R.Civ.P. 69.
 

 [2]
 

 .
 
 Accord In re Whatley,
 
 155 B.R. 775 (Bankr. D.Colo.1993),
 
 aff'd,
 
 169 B.R. 698 (D.Colo.1994),
 
 aff'd,
 
 54 F.3d 788 (10th Cir.1995);
 
 In re Weston,
 
 101 B.R. 202 (Bankr.E.D.Cal.1989),
 
 aff'd
 
 123 B.R. 466 (9th Cir. BAP 1991),
 
 aff'd
 
 967 F.2d 596 (9th Cir.1992), ce
 
 rt. denied,
 
 506 U.S. 1051, 113 S.Ct. 973, 122 L.Ed.2d 128 (1993).