**In re Gaetano COLOMBA, Debtor.**

**Gaetano Colomba, Appellant,**

v.

**Doreen B. Solomon, as Chapter 13 Trustee, Appellee.**

No. MB 00–028.

United States Bankruptcy Appellate Panel of the First Circuit.

Jan. 8, 2001.

Richard N. Gottlieb, Boston, MA, on brief for the Appellant.

Doreen Solomon Milton, MA, and Maria Carroll Furlong, on brief for the Appellee.

Before VOTOLATO, GOODMAN, DE JESÚS, U.S. Bankruptcy Judges.

PER CURIAM.

## I. ISSUE ON APPEAL.

The Debtor, Gaetano Colomba, argues that the bankruptcy court improperly dismissed his Chapter 13 case and entered an order enjoining the Debtor from filing any bankruptcy case for a period of two years. The Debtor's statement of the issues on appeal confirms that the Debtor does not seek review of the denial of his motion for reconsideration, or the denial of his motion for re-reconsideration, but instead seeks appellate review from the underlying dismissal order as follows:

> The issue presented in this appeal is as follows: Did the bankruptcy court below commit a reversible error or abuse of discretion in dismissing the Debtor's Chapter 13 case, Case No. 98–22180–JNF by its Order of January 10, 2000?

Appellant's Brief, p. 2.

## II. JURISDICTION.

On January 10, 2000, the bankruptcy court dismissed the Debtor's Chapter 13 case. The order was entered on the docket on January 11, 2000 (the "Dismissal

Order"). On January 18, 2000, relying on Fed.R.Civ.P.59(e),[1] the Debtor filed a motion seeking reconsideration of the January 10, 2000 order. The motion for reconsideration was denied on February 4, 2000. Pursuant to Fed.R.Bankr.P.8002,[2] the Debtor had until February 14, 2000, or 10 days from the entry of the order denying the motion for reconsideration, to file a notice of appeal from the Dismissal Order. No notice of appeal was filed during that period. Instead, the Debtor filed another motion for reconsideration, a motion titled "Motion for Re-reconsideration of the January 10, 2000 order." On February 18, 2000, the bankruptcy court denied the Debtor's motion for re-reconsideration. On February 23, 2000, the Debtor filed a notice of appeal seeking to appeal "from all Orders or Motions filed under the above captioned docket number and are reflected in the docket sheet as docket items 1–46." Notice of Appeal, p. 1.

The Debtor alleges that his February 23, 2000 notice of appeal is timely, thus giving this Court jurisdiction over his appeal from the Dismissal Order. We disagree. As set forth below, the motion for re-reconsideration and the entry of the order disposing of that motion did not toll the time for filing the notice of appeal.

## III. DISCUSSION.

■■■ The bankruptcy appellate panel exercises jurisdiction pursuant to 11 U.S.C. § 158(a)(1) and § 158(b)(1) over final orders from which there has been a timely notice of appeal. If the notice of appeal is not timely filed, the bankruptcy appellate panel does not have jurisdiction. *See, Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). (Time limits for filing a notice of appeal are both mandatory and jurisdictional.) A motion for recon-

sideration pursuant to Rule 59(e), timely filed within the requisite 10 day period, tolls the time for filing an appeal.

> [S]ubsequent motion[s] for reconsideration served within ten days of the order denying the initial motion for reconsideration but more than ten days after the entry of the original judgment do[ ] not toll "the time for appealing from that judgment." *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir. 1994); see *Glinka v. Maytag Corp.,* 90 F.3d 72, 74 (2d Cir.1996) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments."); *Wright v. Preferred Research, Inc.,* 891 F.2d 886, 889 (11th Cir.1990) ("Both the language and purpose of Rule 4(a)(4) indicate that the time for appeal is postponed only by an *original* motion of the type specified. I.e., a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal.") (quoting 9 Moore's Federal Practice ¶ 204.12[1] ); *Charles L.M. v. Northeast Indep. Sch. Dist.,* 884 F.2d 869, 870 (5th Cir.1989) ("[T]he second motion was a successive motion for reconsideration, condemned by well-established authority in this and other circuits… [T]he filing of the second motion did not toll the running of the thirty-day time for appeal….")

*Aybar v. Crispin–Reyes,* 118 F.3d 10, 14 (1st Cir.1997).

■■■ Although the Court in *Aybar v. Crispin–Reyes* does not directly address the effect of successive post-judgment motions under Fed.R.Bankr.P.8002(b), courts

---

1. Fed.R.Bankr.P.9023 makes Federal Rule 59 applicable. Fed.R.Civ.P.59(e) provides, in relevant part, as follows: "Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."

2. The 10 day period for filing an appeal is modified by Fed.R.Bankr.P.8002(b), which provides that the time for filing the notice of appeal runs from the date of entry of the order disposing of any timely motion to alter or amend the judgment.

**370**

"typically look to decisions applying Fed. R.App.P.4(a) as a guide to applying Rule 8002." *Stangel v. United States (In re Stangel)*, 68 F.3d 857, 859 (5th Cir.1995). In this case, the Debtor had until February 14, 2000, to timely file a notice of appeal from the Dismissal Order. The motion for re-reconsideration, filed within 10 days from entry of the first motion for reconsideration, tolls only the time for filing an appeal from the February 4, 2000 order[3] denying reconsideration. It does not toll the time for filing an appeal from the Dismissal Order.

## IV. CONCLUSION.

The Debtor has not timely preserved his appeal from the Dismissal Order. We dismiss the appeal because this Court does not have jurisdiction.

---

**3.** By his own statement of issues presented, the Debtor has not appealed from the denial of his motion for reconsideration or the denial of his motion for re-reconsideration. However, to the extent the Debtor's notice of appeal and subsequent pleadings could somehow be construed as preserving his appeal from the denial of his motion for reconsideration, or preserving an appeal from the denial of the motion for re-reconsideration, the Debtor has not shown that the bankruptcy court abused its discretion. *Fragoso v. Lopez*, 991 F.2d 878, 886 (1st Cir.1993) ("The trial court's decision on such a motion will be overturned only if the appellant convinces us that the court committed a clear abuse of discretion.") At best, we could treat the motion for re-reconsideration as a motion for relief from judgment pursuant to Fed.R.Civ.P.60(b) made applicable to bankruptcy cases by Bankruptcy

Rule 9024. In that instance, the Debtor failed to present any of the necessary elements: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) that the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from operation of the judgment. Fed.R.Civ. P.60(b); *Stangel v. United States*, 68 F.3d at 859. ("Denial of Rule 60(b) motion that does not raise any of the grounds for relief cognizable under that rule, but which essentially repeats the arguments of a prior motion for reconsideration, is generally not an abuse of discretion.")