[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-9011

IN RE RAMON A. PABON RODRIGUEZ ET AL.,
Debtors.

_____

NICASIO LOPEZ JIMENEZ ET AL.,
Appellants,

v.

RICHARD A. LEE, TRUSTEE, ETC.,
Appellee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

FOR THE FIRST CIRCUIT

Before

Boudin, Chief Judge,

Selya, Circuit Judge,

and Saris,* District Judge.

Miguel E. Bonilla Sierra for appellants.
Antonio Fiol Matta for appellee

AUGUST 20, 2001

**Per Curiam.** This bankruptcy appeal arises out of a dispute over property rights. The case was removed to the bankruptcy court when the defendants filed for bankruptcy. In due course, the trustee in bankruptcy, acting for the debtors _qua_ defendants, sought summary judgment. The plaintiffs (appellants here) did not timely oppose the motion, and the bankruptcy court granted it. Jimenez v. Rodriguez, 233 B.R. 212 (Bankr. D.P.R. 1999). The plaintiffs appealed. They also filed a number of post-judgment motions, all of which were unsuccessful. At that point, they filed a second appeal. The Bankruptcy Appellate Panel (BAP) heard the consolidated appeals and issued an unpublished per curiam opinion affirming the bankruptcy court's rulings in all respects. This appeal ensued.

We need not tarry. We repeatedly have said that where the lower courts astutely take the measure of a case and author convincing, well-reasoned opinions, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir.

-3-

1993).  This is such a case.  Hence, we affirm the judgment below for substantially the reasons elucidated in Judge Lamoutte's lucid rescript and further elaborated in the BAP's thoughtful opinion.  We add only that this case proves what should be obvious:  parties who do not deign to respond to dispositive motions in a timely fashion run considerable risks.  See generally Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning of the dangers of giving one's litigation adversary a free hand in configuring the summary judgment record).  Those risks are insurmountable here, where the plaintiffs, who had the burden of proof on the pivotal allegations, filed nothing to support those allegations.

We need go no further.  As we have said, "[t]he law ministers to the vigilant, not to those who sleep upon perceptible rights."  Puleio v. Vose, 830 F.2d 1197, 1203 (1st cir. 1987).  So it is here.  Accordingly, the judgment below is summarily

**Affirmed**.

-4-