In re Sandra AGUIAR, Debtor.

Sandra Aguiar, Appellant,

v.

Interbay Funding, LLC, Appellee.

BAP No. MB 03–087.
Bankruptcy No. 03–15502–WCH.

United States Bankruptcy Appellate Panel
of the First Circuit.

June 25, 2004.

John E. Zajac, Carmichael & Zajac, P.C., Taunton, MA, on brief for the Appellant.

Paul Michienzie, David P. Russman, John C. Barker, Michienzie & Sawin LLC, Boston, MA, on brief for the Appellee.

Before LAMOUTTE, VAUGHN and CARLO, U.S. Bankruptcy Appellate Panel Judges.

PER CURIAM.

This matter is before the Panel on an appeal by the debtor, Sandra Aguiar ("Aguiar"), from a September 25, 2003 order entered by the United States Bankruptcy Court for the District of Massachusetts granting Interbay Funding, LLC ("Interbay") *in rem* relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and an October 8, 2003 order denying Aguiar's request for reconsideration. For the reasons set forth below, we affirm.

### *JURISDICTION*

A bankruptcy appellate panel "may hear appeals from 'final judgments, orders and decrees....'" *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998) (quoting 28 U.S.C. § 158(a)(1)). A decision is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (*quoting Catlin v. U.S.*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945)) (other citations omitted). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998) (citations omitted). Orders granting relief from the automatic stay are final appealable orders. *See Caterpillar Fin. Servs., Corp. v. Braunstein (In re Henriquez)*, 261 B.R. 67, 70 (1st Cir. BAP 2001) (discussing cases); *see also Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553, 558 (1st Cir.1986).

### *STANDARD OF REVIEW*

Appellate courts reviewing an appeal from the bankruptcy court generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit*

*Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20, n. 8 (1st Cir. 1994). Usually, orders granting relief from the automatic stay are reviewed for abuse of discretion. *See Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 973 (1st Cir.1997). Similarly, the Panel reviews orders denying motions for reconsideration for manifest abuse of discretion. *See Sun Pipe Line Co.,* 831 F.2d 22, 25 (1st Cir.1987), *cert denied,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988); *Salem Five Cents Sav. Bank v. Tardugno (In re Tardugno),* 241 B.R. 777, 779 (1st Cir. BAP 1999); *Neal Mitchell Assocs. v. Braunstein (In re Lambeth Corp.),* 227 B.R. 1, 7 (1st Cir. BAP 1998). "When, as in this instance, the court below has not disclosed the findings and conclusions upon which relief was denied, we will sustain 'on any independently sufficient ground made manifest by the record.'" *In re Indian Motorcycle Co.,* 289 B.R. 269 (1st Cir. BAP 2003) (quoting *Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 173 (1st Cir.1998)).

## BACKGROUND

Aguiar owns real property located at 21 Maitland Street, New Bedford, Massachusetts (the "Property"), which is a two-family home and constitutes Aguiar's principal residence. On or about August 14, 1989, Aguiar executed and delivered to Financial Enterprises Corp. a note in the original amount of $41,000.00 (the "Note"), secured by a mortgage on the Property (the "Mortgage"). *See* App. at 9–11. The lender recorded the Mortgage with the Bristol County Registry of Deeds. Interbay is the servicer for the Mortgagee of Record, Wachovia Bank, N.A., as Trustee f/k/a FUNB for Bayview Series 2002–D.

Aguiar has filed five Chapter 13 bankruptcy petitions in eleven years. She completed one of the prior cases and obtained a discharge. The others were dismissed. Immediately preceding the present case, on September 4, 2001, Aguiar filed her fourth Chapter 13 petition. Her plan was confirmed and Aguiar claims that she made plan payments and post-petition mortgage payments until she was injured at work. She also claims that she was unable to continue making plan payments or post-petition mortgage payments after her injury since her employer did not have worker's compensation insurance and she did not receive any income for a period of time. Interbay moved for relief from the automatic stay, which was granted by the bankruptcy court on April 24, 2003. On that same date, the bankruptcy court dismissed Aguiar's fourth bankruptcy case. After receiving relief from the automatic stay, Interbay obtained an appraisal of the Property in May, 2003. *See* App. at 31–34. According to Interbay's appraisal, the Property had a high fair market value of $210,000.00, a low fair market value of $200,000.00 and a 30–day quick sale value of $195,000.00.[1] *See id.* at 31.

On June 27, 2003, before Interbay could foreclose its Mortgage, Aguiar filed the present petition, her fifth (hereinafter "Fifth Petition"). On July 14, 2003, Aguiar filed a Chapter 13 plan, stating that the value of the Property was approximately $80,250.00. On August 7, 2003, Interbay filed a Motion to Dismiss the Petition or in the Alternative, for In Rem Relief from the Stay or for Relief from the Automatic Stay (the "Relief from Stay Motion"), arguing that Aguiar did not have any equity

---

1. Although the appraisal provides different value estimates, ranging from $195,000.00 for a "30–day quick sale," to $219,900.00 for an "as-repaired list" price, Aguiar uses the $210,000.00 "as is-high value" as the fair market value. App. at 31.

in the Property. *Id.* at 1–16. Interbay argued that the value of the Property was approximately $80,250.00 as set forth in Aguiar's plan, but that total encumbrances on the Property were approximately $142,594.64.[2] Interbay also argued that Aguiar filed the Fifth Petition in bad faith and that she has acted in bad faith by repeatedly filing bankruptcy petitions with the intention of frustrating Interbay's efforts to enforce its mortgage. *Id.* at 4–5. On August 20, 2003, Aguiar filed an opposition to the Relief from Stay Motion. *Id.* at 17–21. On September 12, 2003, Interbay filed a proof of claim, attaching a copy of the appraisal.

On September 25, 2003, after a hearing, the bankruptcy court entered an order allowing Interbay's motion and granting *in rem* relief from the automatic stay. *Id.* at 27. The order did not provide any explanation for granting *in rem* relief,[3] and the record does not contain a transcript of the hearing.[4] On October 7, 2003, Aguiar filed a Motion for Clarification and Reconsideration of Grant of Motion to Dismiss the Petition or in the Alternative, for In Rem Relief from the Automatic Stay or for Relief from the Automatic Stay (the "Motion for Clarification and Reconsideration"). *Id.* at 28–40. Aguiar sought clarification of the order because the bankruptcy court had docketed the case as being dismissed.

Moreover, Aguiar stated that at oral argument, the bankruptcy court focused on her lack of equity in the Property, relying on the valuation of the Property as set forth in her schedules. *See* App. at 29. She argued that she was unable to obtain an appraisal of the Property prior to filing her Fifth Petition, due to the emergency nature of the filing, and that she valued the Property in her Fifth Petition by increasing by 20% the value of the Property according to a 2001 appraisal. *Id.* Aguiar indicated that after the date of the filing of the Relief from Stay Motion and her opposition, Interbay filed its proof of claim with an attached copy of the higher appraised market value. *Id.* As a result, she sought reconsideration of the order granting *in rem* relief from the automatic stay in light of the likelihood that she had equity in the Property. *Id.*

On October 8, 2003, the bankruptcy court entered an endorsement order clarifying the previous ruling as a grant of *in rem* relief. *Id.* at 41. Although the endorsement order did not make a specific reference to Aguiar's request for reconsideration,[5] the parties have interpreted this order as denying the request for reconsideration by reaffirming the grant of *in rem* relief. On October 17, 2003, Aguiar filed a Notice of Appeal with respect to both the September 25, 2003 order granting *in rem* relief from the automatic stay and the

---

2. Interbay claimed that as of August 6, 2003, it was owed approximately $72,263.89 under the Note for principal, interest, fees and escrow advances, with interest accruing at a rate of $12.13 per diem. *See* App. at 3, ¶ 11. Interbay also noted that, according to the plan, the Property was subject to real estate taxes in the amount of $38,358.75 and a second mortgage held by Mainstream Mortgage Co., Inc. in the amount of $31,972.00. *See id.*

3. The Proceeding Memorandum/Order of Court simply provides: "Granted in rem." *See* App. at 27.

4. On October 27, 2003, Aguiar filed a notice with the Bankruptcy Court that no transcripts would be ordered. On November 19, 2003, Interbay filed its own notice with the bankruptcy court, indicating that it had ordered a transcript of the hearing. The Panel has not, however, been provided with a copy of the transcript.

5. The bankruptcy court's endorsement order stated: "Granted in rem, case to dismiss was withdrawn in open court on 9/25/03. Correction made on docket report." *See* App. at 41.

**134**

October 8, 2003 order denying reconsideration.

Aguiar raises three issues in her appeal. She claims that the bankruptcy court erred in determining that she did not have equity in the property; that the court abused its discretion in granting Interbay relief from the automatic stay; and that the court erred in granting *in rem* relief from the automatic stay. The issues raised predominately address the bankruptcy court's initial determination. However, Aguiar does argue that Interbay's appraisal constituted "newly discovered evidence" and that Interbay attempted to mislead the bankruptcy court by relying on Aguiar's appraisal at the hearing on relief from stay, when it had obtained a higher appraisal. Neither of these arguments were explicitly raised in the Motion for Clarification and Reconsideration.

## DISCUSSION

 Bankruptcy Rule 8002 [6] establishes a ten-day period to appeal the judgments, orders or decrees of the bankruptcy court. *See* Fed. R. Bankr.P. 8002(a).[7] Under Bankruptcy Rule 8002(b), however, a motion for relief from judgment tolls the appeal period and relates back to the underlying order when filed within the ten-

day appeal period. *See* Fed. R. Bankr.P. 8002(b)(2).[8] The time limits established for filing a notice of appeal are " 'mandatory and jurisdictional.' " *Yamaha Motor Corp. v. Perry Hollow Mgmt. Co., Inc. (In re Perry Hollow Mgmt. Co., Inc.)*, 297 F.3d 34, 38 (1st Cir.2002) (quoting *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 387 (1st Cir.1994)). Therefore, if a notice of appeal is not timely filed, the bankruptcy appellate panel does not have jurisdiction over the appeal. *See Colomba v. Solomon (In re Colomba)*, 257 B.R. 368, 369 (1st Cir. BAP 2001). Without an appeal of the initial order, when a party files a timely appeal of the denial of a motion for relief from that order, the reviewing court is limited to consideration of the denial of the motion for relief; the reviewing court cannot consider the merits of the underlying order. *See Hoult v. Hoult*, 57 F.3d 1, 3 (1st Cir.1995) (citations omitted).

Aguiar filed her notice of appeal on October 17, 2003, within ten days of the bankruptcy court's October 8, 2003 order denying her Motion for Clarification and Reconsideration. Therefore, that appeal is timely and within our jurisdiction. However, since Aguiar did not file her Motion for Clarification and Reconsideration [9]

---

**6.** Unless otherwise indicated, all references to "Bankruptcy Rule" in this opinion refer to the Federal Rules of Bankruptcy Procedure.

**7.** Bankruptcy Rule 8002(a) provides, in pertinent part: "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr.P. 8002(a).

**8.** Bankruptcy Rule 8002(b)(2) provides:

If any party makes a *timely* motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a *timely* motion .. (4) for relief under Rule 9024 *if the motion is filed no later than ten days after the entry of judgment.*

Fed. R. Bankr.P. 8002(b)(2) (emphasis added).

**9.** Although Aguiar requested "reconsideration" in her motion, a motion challenging a prior judgment on the merits is properly treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), made applicable by Fed. R. Bankr.P. 9023, or as a motion for relief from judgment under Fed. R.Civ.P. 60, made applicable by Fed. R. Bankr.P. 9024. *Jimenez v. Pabon (In re Pabon)*, 233 B.R. 212, 218–19 (Bankr.D.P.R. 1999), *aff'd*, 17 Fed.Appx. 5 (1st Cir.2001) (citations omitted). Because Aguiar's Motion for Clarification and Reconsideration was filed more than ten days after entry of the bankruptcy court's order granting Interbay relief from stay, it is properly treated as a

within ten days of the September 25, 2003 order, instead filing it on October 7, 2003, the twelfth day, the time period for appealing the underlying September 25, 2003 order was not tolled. Thus, the notice of appeal was untimely with respect to the September 25, 2003 order and the Panel does not have jurisdiction over that appeal. Accordingly, we do not consider whether the bankruptcy court erred in granting Interbay *in rem* relief from the automatic stay.

Arguments not raised before the bankruptcy court are waived on appeal. *See Fish Market Nominee Corp. v. Pelofsky,* 72 F.3d 4, 6 (1st Cir.1995). In her Motion for Clarification and Reconsideration, Aguiar did not explicitly raise the arguments that Interbay's appraisal constituted newly discovered evidence or that Interbay should be judicially estopped from arguing that Aguiar lacked equity in the property. However, Aguiar alluded to these arguments by stating that Interbay filed its proof of claim, attaching its appraisal suggesting that she had equity in the property, after the date of its Relief from Stay Motion and subsequently relied on Aguiar's valuation at the hearing on relief from stay. Since the bankruptcy court did not explain its rationale for denying Aguiar's motion, we will consider Aguiar's arguments on appeal that the appraisal attached to Interbay's claim constituted new evidence and that Interbay should be judicially estopped from relying on Aguiar's valuation of the Property.

■■■ Aguiar contends that "the discovery of Interbay's appraisal of the Property indicating a fair market value of the Property in the amount of $210,000.00 constituted new evidence sufficient to obtain re-lief from the bankruptcy court's order granting in rem relief." Appellant's Brief at 13. Aguiar further claims that "[t]his evidence came to light only after Interbay filed its motion." *Id.*

■■■ Federal Rule 60 [10] provides that a party may seek relief from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ..." Fed.R.Civ.P. 60(b)(2), made applicable by Fed. R. Bankr.P. 9024. The rule is "aimed at correcting erroneous judgments based on the unobtainability of evidence ..." *Hoult v. Hoult,* 57 F.3d at 5. "To be unobtainable, evidence must exist, but be beyond reach." *In re Indian Motorcycle,* 289 B.R. at 280. A party seeking relief under Federal Rule 60(b)(2) must show that the evidence was discovered after the trial and that it "could not by due diligence have been discovered earlier by the movant ..." *U.S. Steel v. M. DeMatteo Constr. Co.,* 315 F.3d 43, 51 (1st Cir.2002). *See also In re Pabon,* 233 B.R. at 222 (citing 12 *James Wm. Moore et al., Moore's Federal Practice* ¶ 59.30[5][a][iii], (3d ed.1998)). " 'Newly discovered evidence' normally refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was *excusably ignorant.*' " *Rivera v. M/T Fossarina,* 840 F.2d 152, 156 (1st Cir.1988) (emphasis added) (quoting *Brown v. Pennsylvania Railroad Co,* 282 F.2d 522, 526–27 (3d Cir. 1960)) (other citations omitted).

■■■ The Panel must proceed with " 'the understanding that relief under [Federal] Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.' " *U.S. Steel v. M. DeMatteo Constr. Co.,* 315 F.3d at 51

motion for relief from judgment under Fed. R.Civ.P. 60.

10. Unless otherwise indicated, all references to "Federal Rule" in this opinion refer to the Federal Rules of Civil Procedure.

(quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002)). *See also Rivera v. M/T Fossarina*, 840 F.2d at 156 (citations omitted) (explaining that motions for relief from judgment are granted only under exceptional circumstances). The moving party simply cannot use a motion for relief from judgment to offer new evidence that could and should have been presented originally to the court. *In re Pabon*, 233 B.R. at 219.

The claims register indicates that Interbay filed its proof of claim on September 12, 2003, which was *after* the Relief from Stay Motion and Aguiar's opposition were filed, but *before* the September 25, 2003 hearing on the Relief from Stay Motion. Aguiar has not explained why she failed to review the court record prior to the hearing of September 25, 2003. With due diligence, she should have been aware of the appraisal. Aguiar has not alleged that she was excusably ignorant of the appraisal, which became a part of the court docket almost two weeks prior to the hearing on the motion for relief from stay. The appraisal cannot be categorized as "newly discovered evidence" because it was available to Aguiar prior to the hearing of September 25, 2003. Moreover, Aguiar has failed to address when she became aware of the appraisal. She has not argued that the appraisal was not discovered in time to move for a new trial under Federal Rule 59(b). Therefore, as a matter of law, we reject Aguiar's argument that the appraisal attached to Interbay's proof of claim constituted new evidence, entitling her to relief from judgment under Federal Rule 60(b)(2).

■ Aguiar also contends that Interbay failed to inform the Bankruptcy Court of the value of the Property contained in its appraisal (*see* Appellant's Brief at 6) and asserts that Interbay attempted to mislead the bankruptcy court (*see* Appel-lant's Brief at 9) by using Aguiar's $80,250.00 figure rather than the appraisal's $210,000.00 amount for valuing the Property. According to Aguiar, Interbay played "fast and loose" with the bankruptcy court, and therefore it should be judicially estopped from relying on the $80,250.00 value in asserting Aguiar's lack of equity in the Property. *See* Appellant's Brief at 8–9, 13.

■ While we certainly do not condone Interbay's failure to mention its appraisal at the hearing of September 25, 2003, judicial estoppel does not apply to Interbay's actions. "As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." *InterGen N.V. v. Grina*, 344 F.3d 134, 144 (1st Cir.2003) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 9, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000); 18 *James Wm. Moore et al., Moore's Federal Practice* ¶ 134.30 (3d ed.2003)). Judicial estoppel operates to bar a litigant from " 'playing fast and loose with the courts,' ... when 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.' " *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir.1987) (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

As explained by the United States District Court for the District of Maine:

> To apply the doctrine, a court must determine that the necessary elements are present. A litigant, as an initial matter, must, in effect, "have made a bargain" with the tribunal of the first proceeding by making certain representations to the tribunal in order to obtain a particular "benefit" from the tribunal. *[United*

*States v.] Levasseur,* [846 F.2d 786, 792 (1st Cir.)]. Additionally, the position taken in the second litigation must be "inconsistent with one successfully and unequivocally asserted by that same party in a prior proceeding," *Brewer v. Madigan,* 945 F.2d 449, 455 (1st Cir.1991), regarding a matter "material" to the outcome of the prior proceeding, *United States v. Kattar,* 840 F.2d 118, 130 n. 7 (1st Cir.1988).

*UNUM Corp. v. United States,* 886 F.Supp. 150, 157 (D.Me.1995).

In the present case, Interbay's attachment of the appraisal to its proof of claim had no effect on the position that it was taking in the proof of claim. The proof of claim was merely a demand by Interbay against Aguiar's estate, and an intent to hold Aguiar's estate liable. *See Liakas v. Creditors' Committee of Deja Vu, Inc.,* 780 F.2d 176, 178 (1st Cir.1986) (citations omitted). The appraisal was not relevant to the amount which Interbay claimed, nor the nature of its claim. Whether the Property was valued at $80,250.00 or $210,000.00, Interbay was an oversecured creditor. Thus, inclusion of the appraisal did not allow Interbay to gain any particular benefit from the bankruptcy court. Interbay's adoption of Aguiar's own valuation of the property at the hearing on relief from stay therefore was not inconsistent with a previous position that Interbay had successfully and unequivocally asserted. Accordingly, we reject Aguiar's argument of judicial estoppel.

## CONCLUSION

Aguiar filed an untimely appeal of the bankruptcy court's order granting Interbay *in rem* relief from the automatic stay. That portion of the appeal is DISMISSED for lack of jurisdiction. Having determined that the appraisal of the Property, attached to Interbay's proof of claim, did

not constitute newly discovered evidence and that Interbay was not judicially estopped from adopting Aguiar's valuation of the property at the hearing on its Relief from Stay Motion, we conclude that Aguiar's allegations were legally insufficient to obtain relief from judgment. Wherefore, the bankruptcy court's order denying Aguiar's motion for relief from judgment is AFFIRMED.