Miguel A. RODRIGUEZ CAMACHO
& Ivette de Jesus Rodriguez,
Debtors.

Miguel A. Rodriguez Camacho & Ivette
de Jesus Rodriguez, Appellants,

v.

Doral Financial Corporation, Appellee.

BAP No. 06–013.
Bankruptcy No. 04–13097(SEK).

United States Bankruptcy Appellate Panel
of the First Circuit.

Jan. 18, 2007.

Roberto Perez Obregon, on brief for Appellants.

Before VOTOLATO, KORNREICH, and SOMMA, United States Bankruptcy Appellate Panel Judges.

### INTRODUCTION

KORNREICH, Bankruptcy Judge.

Miguel A. Rodriguez Camacho and Ivette De Jesus Rodriguez are debtors in a Chapter 13 case pending before the United States Bankruptcy Court for the District of Puerto Rico. They fell behind in their residential mortgage payments to Doral Financial Corporation ("Doral"). Doral sought and received an order lifting the automatic stay. Within ten days of that order, the debtors moved for reconsideration and reinstatement of the automatic stay on grounds that they were—at the

time of their motion for reconsideration—ready to catch up on their mortgage payments. Their motion for reconsideration was denied by the bankruptcy court in an order broadly declaring that "[o]nce the stay is lifted—there is no reconsideration available." The debtors took an appeal from that order and asked the bankruptcy court for a stay pending appeal. Expressing that its denial of reconsideration may have been premised upon an error of law, the bankruptcy court granted their request.[1] Consequently, a stay, tantamount to the automatic stay, continues to block Doral from pursuing foreclosure. Under that protection, the debtors have continued to make their mortgage payments.

Doral has not responded to this appeal.

We reverse because relief from stay orders may be reconsidered and remand for proceedings consistent with this opinion.

### BACKGROUND

The facts are not in dispute. The debtors commenced their third Chapter 13 case on December 27, 2004. At that time Doral held a mortgage on their home. The debtors' Chapter 13 plan, confirmed in early 2005, provided that they were to continue making regular contract payments to Doral through the trustee. They fell behind in their payments and Doral sought relief from the automatic stay. The debtors were not represented by their attorney at the relief from stay hearing on February 7, 2005. The automatic stay was lifted by written order dated February 13, 2005.[2]

By motion dated February 21, 2006, the debtors asked the bankruptcy court to re-

---

1. The Panel recognizes the difficulty and awkwardness confronting a bankruptcy judge evaluating the chances of his/her ruling withstanding scrutiny on appeal. Here, to her credit, the bankruptcy judge took the extra step, and acknowledged that she may have made a legal error in denying the motion to reconsider.

2. The "Minute Entry" of the hearing was not included in the appendix; however, it is part of the record below. We consider it as an adjudicative fact. *See In re Papatones*, 143 F.3d 623, 625, n. 3 (1st Cir.1998). It shows: "Second call: Attorney for debtor not present at the hearing. Motion under 362 was grant-

consider and vacate the order lifting the stay solely because, at that moment, they were prepared to consign $3,990.54 with the clerk of the bankruptcy court. They described that sum as being the amount of money required to pay the post-bankruptcy mortgage arrearage due Doral plus the February and March mortgage payments. At the same time, by separate motion, they asked for authority to make the consignment. A copy of a bank check made payable to the clerk of the bankruptcy court in the stated amount was attached to both motions.[3]

Doral's arguments in response were that: (1) the debtors had a history of not making regular mortgage payments; (2) the two prior bankruptcies and the present one have caused it undue harm and prejudice by preventing it from exercising its rights; (3) the debtors had not filed the current Chapter 13 in good faith; and (4) the debtors were again behind in their payments and unable to bring themselves current at the time of the hearing.

In reply to Doral's response, the debtors cited, for the first time, Fed. R. Bankr.P. 9023 and Fed. R. Bankr.P. 9024.[4] Rule 9023 was given as authority for the timeliness of their request for reconsideration. Rule 9024 was offered without elaboration

as justification for reconsideration on a vast sweep, including mistake, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, and any other reason justifying relief. The debtors also mentioned that Doral had not refuted the sufficiency of their offer of payments and pointed out that Doral had not asserted lack of good faith as a reason for relief from stay or as an objection to confirmation.

The debtors' request for reconsideration was denied without an evidentiary hearing upon the wide legal premise that reconsideration is not available after the automatic stay is terminated.

The debtors filed this appeal and asked the bankruptcy court for a stay pending appeal. Their request was unopposed. The bankruptcy court applied the appropriate four prong test for injunctive relief (likelihood of success on the merits, irreparable injury, balance of harms, and public interest) and granted the stay. As authority for its conclusion in favor of the debtors on likelihood of success, the bankruptcy court referred to an unnamed Tenth Circuit case holding that a bankruptcy court may reconsider an order granting relief from stay.[5] On that footing, the bankruptcy court stated that its "order denying reconsideration may have been premised

ed for the reasons stated in open court. Order will be entered."

**3.** Since that original consignment motion, the debtors have moved monthly to consign funds with the clerk for payment to Doral. These motions have been granted, routinely, without objection and Doral has been paid these funds.

**4.** With some changes that do not apply here, Fed. R. Bankr.P. 9024 invokes Fed.R.Civ.P. 60 in bankruptcy proceedings. Fed. R. Bankr.P. 9023 incorporates Fed.R.Civ.P. 59 in its entirety.

**5.** Our guess is that the bankruptcy court relied upon *State Bank of Southern Utah v.*

*Gledhill (In re Gledhill),* 76 F.3d 1070 (10th Cir.1996) because the circumstances in that case do resemble the matter at hand to some extent. In *Gledhill,* the individual debtors failed to keep up their payments to a secured party under an amended plan of reorganization in a Chapter 11 case. On that basis, the secured party obtained dismissal of the case. A foreclosure sale followed resulting in a deficiency judgment against the debtors and a writ of execution directing the sheriff to sell the remainder of their property. To invoke the automatic stay and stop the second sale, the debtors filed a second Chapter 11 case. Asserting that the second case was filed in bad faith, the secured party received relief from stay. Another secured party sale was

on an error of law."[6] On the remaining prongs, the bankruptcy court concluded that a sale of the debtors' residence pending appeal would cause them irreparable injury, that payments offered by the debtors would protect Doral, and that saving the debtors' home from sale would be in the public interest in a market where housing is scarce and expensive. The stay pending appeal continues in force. It has allowed the debtors to avoid foreclosure and remain current on their mortgage payments.

## JURISDICTION

A bankruptcy appellate panel is bound to determine its jurisdiction before proceeding to the merits of an appeal even if the issue of its jurisdiction is not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). A panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646

---

scheduled to take place several months later. Prior to the second sale, the case was converted to Chapter 7 and a trustee was appointed. The trustee sought to stop the sale by filing a motion under Rule 60(b) for relief from the order lifting the stay and another motion under 11 U.S.C. § 105(a) to reimpose the automatic stay. It was the trustee's contention that a secured party sale would result in a loss of value to the bankruptcy estate. The secured party challenged the bankruptcy court's jurisdiction to entertain the trustee's motions as contested matters. In its view, the trustee was asking for new injunctive relief and that such relief could not be imposed outside of an adversary proceeding. The bankruptcy court disagreed and went forward with an evidentiary hearing on the trustee's motions. The bankruptcy court concluded that the value of the assets was greater than the value of the secured claim. The order lifting the stay was vacated and the automatic stay was reimposed "on the basis of newly discovered evidence under Rule 60(b)(6)." *See Gledhill,* 76 F.3d at 1075. The district court affirmed. In affirming the district court, the circuit court held: (a) that a party may seek relief under Rule 60(b) from an order lifting the automatic stay by motion without commencing an adversary proceeding because, unlike a request made under 11 U.S.C. § 105(a) for the *reimposition by decree* of *new* or *second* stay, a motion for relief under Rule 60(b) is, by definition, a request for *reinstatement* of the *original* automatic stay (*see Gledhill,* 76 F.3d at 1078–80); (b)

that the evidence justified a conclusion of "extraordinary" or "exceptional" circumstances justifying relief under Rule 60(b)(6) because (1) the order lifting the stay was entered to punish the debtors for their bad faith filing of the second Chapter 11 case, (2) the conversion of the case from Chapter 11 to Chapter 7 had shifted the risk of loss from the sale to general creditors, and (3) the value of the assets to be sold had increased during the eleven months between the order lifting the stay and scheduled sale (*see Gledhill,* 76 F.3d at 1081); (c) that the bankruptcy court's erroneous statement of reliance upon "newly discovered evidence under Rule 60(b)(6)" was a harmless misstatement because the record clearly showed that relief was granted on evidence of extraordinary circumstances under Rule 60(b)(6) (*see Gledhill,* 76 F.3d at 1081–82); (d) that res judicata is not a bar to Rule 60(b) relief because that doctrine prevents a *collateral* attack on a final judgment and does not preclude a *direct* attack on a judgment addressed to the court that rendered it (*see Gledhill,* 76 F.3d at 1082–83); and (e) that the shortened notice given to the secured party was not a violation of the due process clause (*see Gledhill,* 76 F.3d at 1083–85).

**6.** The bankruptcy court's April 19, 2006, order granting the stay pending appeal was not in the appellants' appendix; however, it was discussed at oral argument and is part of the record below. We consider it as an adjudicative fact. See note 2 above.

(citations omitted). "[A] bankruptcy court order need not resolve all of the issues in the proceeding, but it must finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding." *In re Perry,* 391 F.3d 282, 285 (1st Cir.2004). An order granting relief from stay is a final order. *See Caterpillar Fin. Servs. Corp. v. Braunstein (In re Henriquez),* 261 B.R. 67, 70 (1st Cir. BAP 2001). An order denying reconsideration of an order granting relief from stay is similarly a final order. *See Aguiar v. Interbay Funding, LLC (In re Aguiar),* 311 B.R. 129, 131 (1st Cir. BAP 2004).

### STANDARD OF REVIEW

 Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). An order denying a reconsideration motion may normally be reversed only for a manifest abuse of discretion. *See Mariani–Giron v. Acevedo–Ruiz,* 945 F.2d 1, 3 (1st Cir.1991). However, errors of law in such orders are reviewed *de novo. See Lawton v. Nyman,* 327 F.3d 30, 37 (1st Cir.2003).

The debtors seek reversal under the clearly erroneous and abuse of discretion standards. Our review of the bankruptcy court's denial of reconsideration for error of law is *de novo.*

### DISCUSSION

 The automatic stay is among the most basic protections given to a debt-or and property of the bankruptcy estate under bankruptcy law and exists to give the debtor breathing room by " 'stop[ping] all collection efforts, all harassment, and all foreclosure actions.' " *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 975 (1st Cir.1997) (internal cites omitted). It is truly "automatic" and comes into being upon the commencement of a bankruptcy case without judicial action. *Id.* The automatic stay remains in force with respect to an act against property of the estate until such property is no longer property of the bankruptcy estate. 11 U.S.C. § 362(c)(1).[7] The stay of any other act continues until the case is closed, dismissed or a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(A), (B), or (C). On the request of a party, the automatic stay may be terminated, annulled, modified, or conditioned for cause, including lack of adequate protection of an interest in property. 11 U.S.C. § 362(d)(1). Relief from an act against property may be granted if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

 Relief from stay orders are final (*see Caterpillar,* 261 B.R. 67 at 70) and, like other final orders, should not be set aside lightly. *See In re Public Service Co. of New Hampshire,* 963 F.2d 469, 471–72 (1st Cir.1992); *Matter of Colley,* 814 F.2d 1008, 1010 (5th Cir.1987). Even so, there is nothing in § 362 or in any other provision of bankruptcy code to suggest that such orders are beyond relief under Rule 60(b). On this point we agree with the debtors and with the statement of the bankruptcy court in its order granting the

---

**7.** This case was commenced prior to October 17, 2005, the effective date of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"); therefore, all refer-ences to title 11, United States Code, ("bankruptcy code") are to that statute as it was prior to that date.

stay pending appeal: "[A] court may reconsider its own order granting relief from stay." [8] We also indorse the bankruptcy court's apparent reliance upon the Tenth Circuit Court of Appeals on this facet of the law. *See Gledhill,* 76 F.3d at 1078–80 (A party may seek relief from an order lifting the automatic stay by motion under Rule 60(b), apart from seeking injunctive relief under 11 U.S.C. § 105(a), because, by definition, Rule 60(b) relief is a request for *reinstatement* of the *original* automatic stay.).[9] We, therefore, conclude that the bankruptcy court's denial of reconsideration was based upon an error of law.

However, implicit in our conclusion, is an understanding that cause must exist for relief to be allowed under Rule 60(b). Without sustainable cause under Rule 60(b), a motion to reconsider an order lifting the automatic stay would be, in substance, a plea for injunctive relief under § 105 requiring an adversary proceeding under Fed. R. Bankr.P. 7001(7).[10] *See Gledhill,* 76 F.3d at 1078–80. Thus, the remaining question is whether the debtors' offer of payments is cause for relief under Rule 60(b) or the foundation for further injunctive relief under § 105. The debtors maintain that Rule 60(b) relief is the answer.

They started with a shotgun approach to Rule 60(b), by seeking relief for mistake, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, and any other reason justifying relief. *See* Fed. R. Civ. Pro. 60(b)(1), (2), (3), and (6). Significantly, they failed to allege details showing mistake, surprise, or excusable neglect under (b)(1), newly discovered evidence under (b)(2), or fraud or misrepresentation under (b)(3). The only reason they gave to justify relief was their post-relief from stay offer of payments, a reason they now assert to be grounds for relief under (b)(6) ("any other reason justifying relief").

On appeal the debtors abandoned even the pretense of seeking relief under Rule 60(b)(1), (2), or (3). They contend that the bankruptcy court committed clear error and abused its discretion by failing to apply the totality of circumstances test to Rule 60(b)(6). They assert their circumstances to be that: (a) they are current on their Chapter 13 plan payments; (b) they are paying pre-petition arrears due Doral through the trustee and have thus far paid Doral $10,000.00; (c) they paid all post-petition arrears due Doral within eight days of the order lifting the automatic stay; (d) they have two dependent children living at home; and (e) their request for relief from the order lifting the automatic stay was timely filed.

---

8. See note 5 above.

9. 11 U.S.C. § 105(a) provides that:
 The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

10. In their brief, the debtors mentioned the inherent power of the bankruptcy court to reverse its own decisions but failed to develop that doctrine as an independent basis for reconsideration. They tied inherent power to the bankruptcy court's statutory equitable powers under 11 U.S.C. § 105. In support of their notion of inherent power they cited cases granting equitable relief under § 105. More importantly the debtors did not raise the question of inherent power in the bankruptcy court and, for that reason alone, we will not consider it on appeal. *See Amcel Corp. v. Int. Exec. Sales, Inc.,* 170 F.3d 32, 35 (1st Cir.1999).

We decline to rule on the applicability of the totality of circumstances test because it was raised for the first time on appeal. *See Amcel,* 170 F.3d at 35.

Relief under Rule 60(b) is available in this circuit when exceptional circumstances exist to justify extraordinary relief. *See Simon v. Navon,* 116 F.3d 1, 5 (1st Cir.1997). Further, "a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Karak v. Bursaw Oil Corp.* 288 F.3d 15, 19 (1st Cir.2002). Except for the timeliness of the debtors' motion for relief, which is self-evident and not in question, none of the factors mentioned in *Karak* have been established in the bankruptcy court.[11]

We close with a few observations on the application of Rule 60(b)(6) in *Gledhill.* The Tenth Circuit concluded that exceptional or extraordinary circumstances were present because (1) the order lifting the stay was granted to punish the debtors for their bad faith filing of a second Chapter 11 case, rather than for non-payment of secured debt; (2) the conversion of the case from Chapter 11 to Chapter 7 had shifted the risk of loss from the secured party sale to general creditors from the debtors; and (3) the value of the assets to be sold had increased during the eleven months between the order lifting the stay and the secured party sale. *See Gledhill,* 76 F.3d at 1081. Those reasons reflect post-relief from stay concerns and do not point to any defect in the order lifting the stay or infirmities in the adjudicative process leading to that order. Moreover, they do not appear to be truly exceptional or extraordinary. Each is likely to occur in the normal course of a bankruptcy case.

We stop at this fork in the road because our job is done. The bankruptcy court is in a better position to decide whether the debtors' post-relief from stay offer of payments and current history of making regular mortgage payments are exceptional circumstances justifying extraordinary relief under Rule 60(b) or whether their motion for relief should be deemed to be a plea for injunctive relief under § 105(a).

### *CONCLUSION*

We reverse because there is no all-embracing exclusion of orders lifting the automatic stay from reconsideration and remand for a determination by the bankruptcy court, in the first instance, of whether the debtors' post-relief from stay offer of payments justifies relief from the order lifting the stay under Rule 60(b) and reinstatement of the original automatic stay or, alternatively, whether the debtors may commence an adversary proceeding for further injunctive relief. Unless modified or terminated by the bankruptcy court to protect the interest of the parties, on its own motion or the motion of a party, the stay pending appeal shall remain in effect until the entry of a final order on the motion for reconsideration, the entry of a final judgment in an adversary proceeding for injunctive relief, or the entry of a final order approving a settlement by the parties.

---

**11.** The stay pending appeal, while suggestive of a final outcome, is not an adjudication on the merits. It is nothing more than a temporary injunction.