Luis Alberto Rodriguez RODRIGUEZ
and Ada Alicia Rodriguez
Rodriguez, Debtors.

Luis Alberto Rodriguez Rodriguez and
Ada Alicia Rodriguez Rodriguez,
Appellants,

v.

Banco Popular De Puerto
Rico, Appellee.

BAP No. PR 14–003.
Bankruptcy No. 13–06101–ESL.

United States Bankruptcy Appellate Panel
of the First Circuit.

Aug. 26, 2014.

Frederic Chardon Dubos, Esq., Moca, PR, on brief, for Appellants.

Jeséus R. Rabell Méndez, Esq., San Juan, PR, on brief, for Appellee.

Before HILLMAN, HOFFMAN, and FINKLE, United States Bankruptcy Appellate Panel Judges.

HOFFMAN, Bankruptcy Judge.

Luis Alberto Rodriguez Rodriguez and Ada Alicia Rodriguez Rodriguez (the "Debtors") appeal from the following orders of the bankruptcy court: (1) a November 15, 2013, order granting Banco Popular de Puerto Rico's ("BPPR") motion

for reconsideration and request for dismissal with bar to refiling; (2) a November 15, 2013, order denying the Debtors' motion to vacate an order dismissing their case; and (3) a January 8, 2014, order denying the Debtors' motion to vacate the order referred to in Item 1. For the reasons set forth below, we **DISMISS** the appeal as to the first two orders and we **AFFIRM** as to the third.

## BACKGROUND

Prior to the filing of the bankruptcy case from which this appeal arises, the Debtors had undertaken three previous chapter 13 case filings (Case Nos. 10–05998, 11–01236, and 12–00842), all of which ended in dismissal. The bankruptcy court dismissed the Debtors' first chapter 13 case on October 4, 2010, due to their failure to comply with an order to show cause, and closed the case on January 31, 2011. Eighteen days later, on February 18, 2011, the Debtors filed their second chapter 13 case. The court dismissed that case on August 12, 2011, for failure to comply with certain court orders, and closed the case on March 28, 2012. The Debtors filed their third chapter 13 case on February 6, 2012, before the second case was even closed. The bankruptcy court dismissed that case for failure to file certain information required by § 1308 of the Bankruptcy Code,[1] and closed the case on July 31, 2013.

On July 30, 2013, the Debtors filed their fourth chapter 13 petition commencing the case from which this appeal emanates. On Schedule D of the schedule of assets and liabilities filed in support of their chapter 13 petition, the Debtors listed BPPR as a secured creditor with a claim in the amount of $345,832.38. According to BPPR, as of August 13, 2013, the Debtors owed BPPR $362,623.65.

On August 15, 2013, BPPR filed two motions (the "August Motions"). It filed a motion for *in rem*[2] relief from the automatic stay to permit it to proceed with a foreclosure of its mortgage on the Debtors' property, and a motion to dismiss the Debtors' chapter 13 case pursuant to Bankruptcy Code § 1307(c). The motion

1. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

2. Section 362(d)(4) allows a bankruptcy court to grant *in rem* relief to a secured creditor with an interest in real property if the court finds that the bankruptcy filing was part of a scheme to delay, hinder, or defraud creditors. 11 U.S.C. § 362(d)(4). In addition, § 105(a) of the Bankruptcy Code authorizes a bankruptcy court to grant *in rem* relief in connection with granting relief from the stay under § 362(d) in circumstances where an ordinary stay relief order will not be effective to protect a secured lender's rights, as demonstrated by the prior history of the parties and the property. *See Gonzalez–Ruiz v. Doral Fin. Corp. (In re Gonzalez–Ruiz)*, 341 B.R. 371, 384 (1st Cir. BAP 2006) (citing *Aurora Loan Servs. Inc. v. Amey (In re Amey)*, 314 B.R. 864, 866–67 (Bankr.N.D.Ga.2004); 11 U.S.C. § 105(a)). An order granting *in rem* relief from stay is an appropriate remedy when a debtor serially files bankruptcy petitions solely to invoke the automatic stay. *Id. In rem* relief renders the automatic stay in any future bankruptcy cases inapplicable to the lender's foreclosure of a particular *res*, regardless of who owns the property or files the case. *Id.* (citing *In re Lord*, 325 B.R. 121, 129 (Bankr.S.D.N.Y. 2005)). "*In rem* relief thus addresses circumstances when the debtor is likely to invoke the automatic stay to frustrate foreclosure efforts through repeated filings, whether by the same or different persons." *Id.* "Rather than barring the debtor from filing a bankruptcy case in the future, the *in rem* remedy directly addresses abuse of the automatic stay by prospectively eliminating it with regard to the lender's collateral even if there are future bankruptcy cases." *Id.* (citing *In re Amey*, 314 B.R. at 866–67).

to dismiss contained a request that the Debtors be barred for two years from filing a bankruptcy petition on the ground that the Debtors were serial filers with no real intention of reorganizing and filed their chapter 13 petition in bad faith. After a hearing on September 13, 2013, the bankruptcy court entered an order granting the parties 30 days in which to negotiate a resolution of the August Motions and file a stipulation, and stating that if they failed to do so, the court would enter an order lifting the automatic stay. The order also stated that the motion to dismiss would be held in abeyance pending a decision on the stay relief motion. The parties did not file a stipulation.

Meanwhile, on September 10, 2013, three days before the hearing on the August Motions, the clerk of the bankruptcy court filed a motion to dismiss the case due to the Debtors' failure to pay the chapter 13 filing fee. Then, on September 27, 2013, the chapter 13 trustee filed a motion to dismiss the case due to the Debtors' failure to appear at the meeting of creditors required by § 341.

On October 21, 2013, the bankruptcy court entered an order dismissing the Debtors' case due to their failure to pay the filing fee, as requested in the motion filed by the clerk of the bankruptcy court (the "October 21, 2013 Dismissal Order"). On October 25, 2013, BPPR filed a Motion for Reconsideration and Request for Dismissal With Bar to Refile ("Motion for Reconsideration"), effectively repeating its request for the relief sought in the August Motions, namely, an order for *in rem* stay relief and an order dismissing the case with a two-year bar to refiling.

The Debtors did not oppose BPPR's Motion for Reconsideration. Instead, on October 28, 2013, they filed their own motion to vacate the October 21, 2013 Dismissal Order ("Debtors' Motion to Vacate Octo-

ber 21, 2013 Dismissal Order"), stating, simply, that "[t] he remaining filing fee is being paid today." The Debtors also filed a motion to convert their case from chapter 13 to chapter 7. BPPR objected to both motions, raising the same arguments presented in its Motion for Reconsideration.

On November 15, 2013, the bankruptcy court entered an order denying the Debtors' Motion to Vacate October 21, 2013 Dismissal Order "for the reasons stated in the opposition filed by [BPPR] (docket # 40), which the court adopts as its own" (the "November 15, 2013 Order Denying Debtors' Motion to Vacate October 21, 2013 Dismissal Order"). On the same day, the bankruptcy court entered an order granting BPPR's Motion for Reconsideration (the "November 15, 2013 Order Granting Reconsideration and Dismissing Case With Bar to Refile"), ruling as follows:

Due notice having been given, there being no opposition, and good cause appearing thereof, the motion is hereby granted. The court grants in rem Relief from Stay in favor of Movant, so that the automatic stay in any future bankruptcy is inapplicable to BPPR's foreclosure procedure against the properties described [as] # 21,948 and # 21,060, regardless of who owns the properties or files the case; and the case is hereby dismissed with bar to refile for two (2) years.

On December 16, 2013, the Debtors filed a motion asking the court to reconsider and vacate the November 15, 2013 Order Denying Debtors' Motion to Vacate October 21, 2013 Dismissal Order ("Motion to Reconsider Denial of Debtors' Motion to Vacate October 21, 2013 Dismissal Order"). As grounds, the Debtors asserted that the bankruptcy court had dismissed their case due to their failure to pay the filing fee, which failure they had since cured, and that there had been a change in

circumstances due to their filing of a motion to convert to chapter 7. Also on December 16, 2013, the Debtors filed a motion requesting the court to vacate the November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar To Refile ("Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile"). In this motion, the Debtors again asserted that there had been a change in circumstances due to their filing of a motion to convert to chapter 7. BPPR opposed both motions, incorporating their prior arguments alleging the Debtors' bad faith filing, and arguing that the Debtors had failed to show good cause for the relief requested.

On January 8, 2014, the bankruptcy court entered an order denying the Debtors' Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar To Refile (the "January 8, 2014 Order Denying Motion to Vacate November 15, 2013 Order Granting Reconsideration and Dismissing Case With

Bar to Refile") stating, simply, that "[t]he Motion to Vacate the Order Dismissing Case With Bar to Refile, filed by the Debtors (docket # 47), is hereby denied."

On January 21, 2014, the Debtors filed a notice of appeal with respect to: (1) the January 8, 2014 Order Denying Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile; (2) the November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile; and (3) the November 15, 2013 Order Denying Debtors' Motion to Vacate October 21, 2013 Dismissal Order.[3]

## JURISDICTION

### A. Finality

Before addressing the merits of an appeal, we must determine that we have jurisdiction, even if the litigants do not raise the issue. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998). We have

---

3. The procedural history leading up to this appeal is labyrinthine, involving a maze of motions to reconsider or vacate prior orders. To help the reader visualize the flow and relationship of the multiple motions and orders implicated in this appeal we offer the following diagram.

October 21, 2013 Dismissal Order

↓ ↓

BPPR Motion for Reconsideration and Request For Dismissal With Bar to Refile [Filed October 25, 2013]

Debtors' Motion to Vacate October 21, 2013 Dismissal Order [Filed October 28, 2013]

↓ ↓

November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile **[APPEALED]**

November 15, 2013 Order Denying Debtors' Motion to Vacate October 21, 2013 Dismissal Order **[APPEALED]**

↓ ↓

Debtors' Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile [Filed December 16, 2013]

Debtors' Motion to Reconsider Denial of Debtors' Motion to Vacate October 21, 2013 Dismissal Order [Filed December 16, 2013]

↓ ↓

January 8, 2014 Order Denying Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile **[APPEALED]**

No order entered

jurisdiction to hear appeals from final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). All of the orders in this appeal are orders granting or denying reconsideration. An order denying a motion for reconsideration is final if the underlying order is final and together the orders end the litigation on the merits. *Garcia Matos v. Oliveras Rivera (In re Garcia Matos)*, 478 B.R. 506, 511 (1st Cir. BAP 2012) (citations omitted). The October 21, 2013 Dismissal Order was a final order, it ended the case, and, therefore, the November 15, 2013 Order Denying Debtors' Motion to Vacate October 21, 2013 Dismissal Order and the January 8, 2014 Order Denying Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile are also final orders. In addition, the November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile is final because it too resulted in dismissal of the case.

## B. Timeliness

■ It is well settled that the time limits established for filing a notice of appeal are "mandatory and jurisdictional." *Yamaha Motor Corp. v. Perry Hollow Mgmt. Co. (In re Perry Hollow Mgmt. Co.)*, 297 F.3d 34, 38 (1st Cir.2002) (citations and internal quotations omitted); *Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 414 (1st Cir. BAP 2004). If a notice of appeal is not timely filed, we do not have jurisdiction over the appeal, and the appeal will fail.

*See Abboud v. The Ground Round, Inc. (The Ground Round, Inc.)*, 335 B.R. 253, 258 (1st Cir. BAP 2005), *aff'd*, 482 F.3d 15 (1st Cir.2007) (citation omitted); *In re Shepherds Hill*, 316 B.R. at 414.

Pursuant to Bankruptcy Rules 8001(a) and 8002(a), an appellant must file a notice of appeal within 14 days after the entry of the judgment, order, or decree of the bankruptcy court. Under Bankruptcy Rule 8002(b), however, certain motions will toll the appeal period if timely filed. *See* Fed. R. Bankr.P. 8002(b).[4] To be timely for purposes of Bankruptcy Rule 8002(b), a motion to alter or amend the judgment under Bankruptcy Rule 9023, or a motion for relief under Bankruptcy Rule 9024, must be filed "no later than 14 days after entry of judgment." *See* Fed. R. Bankr.P. 8002(b), 9023 and 9024.

■ The bankruptcy court entered the Dismissal Order on October 21, 2013. Four days later, on October 25, 2013, BPPR filed its Motion for Reconsideration, and on October 28, 2013, the Debtors filed their Motion to Vacate October 21, 2013 Dismissal Order. Both motions were filed within 14 days of the entry of the October 21, 2013 Dismissal Order, and, therefore, they tolled the appeal period for that order until the bankruptcy court disposed of the motions. On November 15, 2013, the bankruptcy court issued both the Order Granting Reconsideration And Dismissing Case With Bar To Refile, and the Order Denying Debtor's Motion to Vacate Octo-

---

4. Fed. R. Bankr.P. 8002(b) provides, in pertinent part:

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
(2) to alter or amend the judgment under Rule 9023;
(3) for a new trial under Rule 9023; or
(4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment.

Fed. R. Bankr.P. 8002(b).

ber 21, 2013 Dismissal Order (collectively, the "November 15, 2013 Orders"), and thus the appeal period began to run for all three orders, the November 15, 2013 Orders as well as the October 21, 2013 Dismissal Order, expiring 14 days later on November 29, 2013. *See* Fed. R. Bankr.P. 8002(b) ("If any party makes a timely motion of the type specified ..., the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding."). The Debtors did not file a notice of appeal with respect to any of these orders before the expiration of the appeal period on November 29, 2013.

■ On December 16, 2013, the Debtors filed both their motions to vacate and reconsider the November 15, 2013 Orders. Since these motions were filed more than 14 days after entry of the November 15, 2013 Orders, they did not toll the appeal period as to the November 15, 2013 Orders.[5] As the Debtors did not file their notice of appeal until January 21, 2014, their appeal with respect to the November 15, 2013 Orders was untimely and we do not have jurisdiction as to the appeal of those orders.

Consequently, only one order remains subject to a timely appeal. The bankruptcy court entered the Order Denying Motion to Vacate Order Granting Reconsideration And Dismissing Case With Bar to Refile on January 8, 2014. Therefore, the Debtors' notice of appeal, filed on January 21, 2014, was timely as to that order and we have jurisdiction to consider it.

**STANDARD OF REVIEW**

■ Appellate courts apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.,* 592 F.3d 267, 269 (1st Cir.2010). We review a bankruptcy court's order denying a motion for reconsideration of a previous judgment for manifest abuse of discretion. *See Aguiar v. Interbay Funding, LLC (In re Aguiar),* 311 B.R. 129, 132 (1st Cir. BAP 2004) (citing *Appeal of Sun Pipe Line Co.,* 831 F.2d 22, 25 (1st Cir.1987); *Salem Five Cents Sav. Bank v. Tardugno (In re Tardugno),* 241 B.R. 777, 779 (1st Cir. BAP 1999); *Neal Mitchell Assocs. v. Braunstein (In re Lambeth Corp.),* 227 B.R. 1, 7 (1st Cir. BAP 1998)). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *De Jounghe v. Lugo Mender (In re De Jounghe),* 334 B.R. 760, 765 (1st Cir. BAP 2005) (citation omitted). "When, as in this instance, the court below has not disclosed the findings and conclusions upon which relief was denied, we will sustain 'on any independently sufficient ground made manifest by the record.'" *In re Aguiar,* 311 B.R. at 132 (citations omitted).

**DISCUSSION**

**I. The Applicable Standard**

■ A motion to reconsider or vacate may be treated either as a motion to alter

---

**5.** Even if the November 15, 2013 Order Granting Reconsideration and Dismissing Case With Bar to Refile constituted an order vacating the October 21, 2013 Dismissal Order and entering a new order dismissing the case on alternative grounds with a bar to refiling (rather than an order modifying the October 21, 2013 Dismissal Order), we would still lack jurisdiction over the appeal of the November 15, 2013 Orders. The appeal of the November 15, 2013 Order Granting Re-

consideration and Dismissing Case With Bar to Refile is untimely as the Debtors failed to file within 14 days either a notice of appeal or a motion for reconsideration which would have tolled the appeal period. The appeal of the November 15, 2013 Order Denying Debtor's Motion to Vacate October 21, 2013 Dismissal Order would be moot as that order would have been vacated by the November 15, 2013 Order Granting Reconsideration and Dismissing Case With Bar to Refile.

or amend the judgment under Fed. R.Civ.P. 59(e) ("Rule 59(e)"), made applicable by Bankruptcy Rule 9023, or as a motion for relief from judgment under Fed.R.Civ.P. 60(b) ("Rule 60(b)"), made applicable by Bankruptcy Rule 9024. The Debtors did not specify in their Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar To Refile under which rule they were proceeding. However, because the Debtors did not file their Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile within 14 days of entry of that order, the motion is properly treated as one brought under Rule 60(b). *See* Fed. R. Bankr.P. 9023.

Rule 60(b) provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

▌ Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b). *See Roman v. Carrion*

*(In re Rodriguez Gonzalez)*, 396 B.R. 790, 802 (1st Cir. BAP 2008) (citing *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63 (1st Cir.2001)). "The denial of a Rule 60(b) motion should be reviewed with 'the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002)); *see also U.S. Steel v. M. DeMatteo Constr. Co.*, 315 F.3d 43, 51 (1st Cir.2002).

## II. Analysis

▌ The Debtors' argument on appeal, in its entirety, is as follows:

The Bankruptcy Code at 11 U.S.Code §§ 1307—Conversion or dismissal, states as follows:

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

Had the case been allowed to continue as a chapter 7 there is an extremely high likelihood that appellants would have been granted a discharge, 11 U.S.Code §§ 727. The Court should have considered the notice of conversion as a *de facto* opposition to BPPR's motions. Also, to consider BPPR's motion for reconsideration, Docket Number 33 ..., could not have happened without an event vacating the dismissal.

Independently of the arguments of BPPR allowing a chapter 7 trustee to perform an orderly liquidation of appellants' bankruptcy estate would have been in the best interests of all creditors.

The Debtors do not invoke the standards for relief set forth in Rule 60(b) or explain how the bankruptcy court abused its discretion when applying those standards. They do not argue the existence of mistake, inadvertence or excusable neglect. They offer no newly discovered evidence and point to no fraud or manifest error of law. Rather, the Debtors argue that the bankruptcy court should have vacated the November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile in light of their motion to convert to chapter 7, which they assert was a "change in circumstance." The only subsection of Rule 60(b) which could conceivably provide a ground for relief based on changed circumstances is Rule 60(b)(6), a catch-all provision that requires the movant to demonstrate "any other reason which justifies relief." However, even if we consider their "change in circumstance" argument under Rule 60(b)(6), the argument must fail.

■ "[I]t is the invariable rule, and thus, the rule in th[e First Circuit], that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise.'" *RBSF, LLC v. Franklin (In re Franklin)*, 445 B.R. 34, 45 (Bankr.D.Mass.2011) (quoting *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992)). The Debtors cannot meet this precondition. First, the Debtors did not file their motion to convert from chapter 13 to chapter 7 until after the bankruptcy court had entered its October 21, 2013 Dismissal Order, at which point conversion was no longer possible. *See In re Garcia*, 434 B.R. 638, 643–44 (Bankr.D.N.M.2010) (citations omitted) (concluding that although § 1307(a) allows a debtor to convert to chapter 7 "at any time," "[a] dismissal

order takes effect immediately" and, therefore, "conversion after dismissal is not possible"). Second, "[c]hapter 7 cases are subject to the same requirement of good faith as Chapter 13 cases." *In re Myers*, 491 F.3d 120, 127 (3d Cir.2007) (citation omitted). By granting BPPR's Motion for Reconsideration, the bankruptcy court implicitly found that the Debtors had filed their chapter 13 petition in bad faith, thus warranting dismissal with a two-year bar to refiling. *Id.* The very same factors that led the bankruptcy court to conclude that the Debtors had filed their chapter 13 petition in bad faith would apply with equal force in a chapter 7 case. *See id.* Thus, vacating the November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile so that the Debtors could attempt to convert their chapter 13 case to chapter 7 would have been an exercise in futility.

## CONCLUSION

The Debtors' appeal of the November 15, 2013 Orders was untimely and, therefore, we **DISMISS** the appeal as to those two orders. As to the January 8, 2014 Order Denying Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile, the appeal of which was timely, the Debtors have failed to demonstrate that the bankruptcy court abused its discretion by declining to vacate its order under the applicable Rules. Therefore, we **AFFIRM** the January 8, 2014 Order Denying Motion to Vacate November 15, 2013 Order Granting Reconsideration And Dismissing Case With Bar to Refile.