**IN RE: Ricardo Jesus RIVERA BALAGUER, Debtor(s).**

**Ricardo Jesus Rivera Balaguer, Appellant(s),**

**v.**

**Johanna Lanza Perez, Appellee(s),**

**v.**

**The United States Trustee, Interested Party.**

**Civil No. 16–1359 (DRD)**
**Bankruptcy Case No. 15–05521 BKT**

United States District Court, D. Puerto Rico.

Signed March 31, 2017

Maximiliano Trujillo–Gonzalez, Maximiliano L. Trujillo Law Office, San Juan, PR, for Appellant.

Teresa M. Lube–Capo, Lube & Soto Law Offices PSC, San Juan, PR, for Appellee.

Monsita Lecaroz–Arribas, U. S. Trustee Office, San Juan, PR, for Interested Party.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, United States District Judge

Pending before the Court is an appeal filed by debtor-appellant Ricardo Jesus Rivera Balaguer ("Rivera Balaguer" or "Appellant"), on February 23, 2016, against creditor Johanna Lanza Perez ("Appellee"), and the United States Trustee, as an interested party. Appellant specifically appealed the *Order* denying the motion for reconsideration of dismissal entered on February 11, 2016 by the Bankruptcy Court.

For the reasons set forth below, the *Order* denying the motion for reconsideration of dismissal is affirmed, and the appeal filed by the Debtor/Appellant is dismissed.

### Jurisdiction

The Court has jurisdiction to entertain appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). (Emphasis ours). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645–646 (1st Cir. BAP 1998) (citing 28 U.S.C. Section 158(a)(1) and (a)(3)). *See also In the Matter of SK Foods, L.P. and RHM Industrial/Specialty Foods, Inc.*, 676 F.3d 798, 802 (9th Cir.2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir.2008)).

### Introduction

The issue before the Court is whether service of a motion related to a contested matter is to be made through summons, in the fashion provided by Rule 7004 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), as opposed to serve the motion in the manner in which the summons are served, as provided by Fed. R.Bankr.P. 9014.

### Standard of Review

On bankruptcy appeals, the district court reviews rulings of law *de novo* and

findings of fact for clear error. *Prebor v. Collins (In re I Don't Trust)*, 143 F.3d 1, 3 (1st Cir.1998). In *Prebor*, the United States Court of Appeals for the First Circuit ("First Circuit") held:

> In an appeal from a bankruptcy court decision this court-like the district court or the bankruptcy appellate panel-affords the novo review to the bankruptcy court's conclusions of law. *See In re Healthco International, Inc.*, 132 F.3d 104, 107 (1st Cir.1997); *In re DN Associates*, 3 F.3d 512, 515 (1st Cir.1993). . . .
>
> Apart from the appellant's self-serving speculation, there is nothing in the record to suggest that the bankruptcy court did not appreciate the controlling legal rules, or, appreciating them, defied their dictates. Consequently, we uphold the district court's determination that abuse of discretion is the applicable standard of review. *See Reliance Steel Prods. Co. v. National Fire Ins. Co.*, 880 F.2d 575, 577 (1st Cir.1989) (noting that an appellant cannot avoid a deferential standard of review by the simple expedient of dressing factual disputes or judgment calls in "legal costumery").

Further, in *In re Fahey*, 779 F.3d 1, 3 (1st Cir.2015), the First Circuit held that "since no material facts are disputed and the issue before us turns entirely upon an interpretation of law, our review is plenary," citing *Pasquina v. Cunningham (In re Cunningham)*, 513 F.3d 318, 323 (1st Cir.2008); *Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco International, Inc.)*, 132 F.3d 104, 107 (1st Cir. 1997). *See also In re Rodriguez*, 516 B.R. at 183. "When ... the court below has not disclosed the findings and conclusions upon which relief was denied, we [Bankruptcy Appellate Panel] will sustain 'on any independently sufficient ground made manifest by the record,'" citing *In re Aguiar*, 311

B.R. 129, 132 (1st Cir. BAP 2004) (citations omitted).

Our analysis follows.

**Factual and Procedural Background**

The Bankruptcy Court record shows that Appellant Rivera Balaguer filed for relief under Chapter 7 of the Bankruptcy Code on July 19, 2015, Bankruptcy No. 15-05521 BKT. The instant appeal is related to Bankruptcy No. 15-05521 BKT. However, the Bankruptcy Court record shows that Mr. Rivera Balaguer is a repeated filer, and user of Bankruptcy requests.

First Bankruptcy Case No. 12-09037 BKT: On November 9, 2012, debtor Rivera Balaguer filed for relief under Chapter 11 of the Bankruptcy Code, eventually the case was voluntarily dismissed on October 7, 2013.

Second Bankruptcy Case No. 14-09144 BKT: On November 3, 2014, debtor Rivera Balaguer filed for relief under Chapter 13 of the Bankruptcy Code, which was later converted to Chapter 7, and dismissed again on December 19, 2014 for debtor's failure to file the requested documents.

Third Bankruptcy Case No. 15-05521 BKT: On July 19, 2015, debtor Rivera Balaguer filed for relief under Chapter 7 of the Bankruptcy Code, under Bankruptcy No. 15-05521 BKT, and the appeal is now pending before this Court. The bankruptcy record shows that the original Chapter 7 case was converted to Chapter 11, on October 2, 2015. A Chapter 11 Plan of Reorganization was filed on December 16, 2015. On that same date, the Bankruptcy Court held a Status Conference, and granted the debtor until January 30, 2016 to complete and comply with the small business requirements. The Court further set some other deadlines for debtor to comply. *See* Minutes and Order of Decem-

ber 16, 2015, Docket No. 28 of Bankruptcy No. 15–05521 BKT.

On January 13, 2016, creditor Johanna Lanza Perez, a Domestic Support Obligation creditor moved for the dismissal of the Chapter 11 bankruptcy proceeding with a bar to re-file of two years. (Johanna Lanza Perez had been a creditor in the previous bankruptcy petitions of debtor/appellant). *See* Docket No. 32 of Bankruptcy No. 15–05521 BKT. On January 16, 2016, the Debtor filed a *Motion to Quash Motion to Dismiss* under Docket No. 35 of Bankruptcy No. 15–05521 BKT. The Court record shows, however, that on January 18, 2016, Appellee filed the Certificate of Service of the motion to dismiss with a bar to re-file. *See* Docket No. 38 [re: Docket No. 32, Appellee's motion to dismiss with a bar to re-file] of Bankruptcy No. 15–05521 BKT.

On February 9, 2016, the Bankruptcy Court dismissed the bankruptcy case after ruling that Debtor's *Motion to Quash Motion to Dismiss* [Docket No. 35 of Bankruptcy No. 15–05521 BKT] "became moot as to the Debtor not been properly served with the certificate of service (docket No. 38)." *See Order Dismissing Case* filed under Docket No. 44 of Bankruptcy No. 15–05521 BKT. On even date, the Bankruptcy Court granted Appellee's *Motion to Dismiss with a Bar to Re-file for Two Years*. *See also Order Dismissing Case*, Docket No. 44 of Bankruptcy No. 15–05521 BKT.[1] Appellant moved for reconsideration of dismissal, on February 9, 2016. On February 11, 2016, the Court entered an *Order* denying the reconsideration of dismissal. *See* Docket entries No. 45, 46 of Bankruptcy No. 15–05521 BKT.[2] The Notice of Ap-

---

1. The *Order Dismissing Case* of February 9, 2016, *see* Docket No. 44, provides in its relevant part:

> Debtor's Motion to Quash Motion to Dismiss (docket No. 35) became moot as to the Debtor not been properly served with the certificate of service (docket No. 38). Notwithstanding, Fed.R.Bankr.P.9014 as to contested matters requires service in the manner in which summons are served. **Said rule does not actually require summons.** (Emphasis ours).
>
> Therefore, the Motion to Quash became MOOT on January 14, 2016, and the Motion to Dismiss with a Bar to Re–File for two years filed by Johanna Lanza Perez (docket No. 32) is GRANTED as unopposed.
> SO ORDERED.
> San Juan, this 9th day of February, 2016.
> [Signed by the Hon. Brian K. Tester, U.S. Bankruptcy Judge]

2. The *Order* denying the reconsideration of dismissal, *see* Docket No. 46, provides in its relevant part:

> The motion for reconsideration is unpersuasive for the following reasons: Firstly, the dismissal order was in no way based upon, nor did it even mention, the Order to show Cause [Dkt. No. 41]. Secondly, on January 14, 2016, the motion to quash became moot, as to the allegation that the motion to

dismiss at issue was not properly served upon the Debtor personally at his address of record, when the motion to dismiss was properly served upon the Debtor. See Certificate of Service [Dkt. No. 38]. Thirdly, Fed.R.Bankt.P.9014 does not require summons, rather, said rule requires that a motion be served in the manner provided for service of summons. See Fed.R.Bankr.P. 9014. Fourthly, the fact that PR LBR 9014–1(b) was deleted from the local rules does not mean that summons is now required in contested matters. Lastly, in Debtor's Motion to Quash [Dkt. No. 35] at paragraph 8, he states "[a]s to the merits of the Motion, undersigned is sending same to debtor for review, and to prepare an answer to it, in case service of summons is properly complied with." Service of process was properly complied with, however, no opposition on the merits was timely filed. Rather, the Debtor relied, to his detriment, on an erroneous procedural argument.

> Therefore, Motion requesting reconsideration of dismissal [Dkt. No. 45] is DENIED. This Court reserves the right to supplement. (Emphasis on the original).
> IT IS SO ORDERED.
> In San Juan, Puerto Rico, this 11th day of February, 2016. [Signed by the Hon. Brian K. Tester, U.S. Bankruptcy Judge]

peal followed on February 23, 2016, that is, within 14 days from the entry of the *Order* denying the motion for reconsideration of dismissal. *See* Fed.R.Bank.P. 8002(b), 9023, 9024. The instant appeal was filed in the district court, as elected by the debtor, and it was referred to the undersigned. *See* Civil No. 16–1359 (DRD).

### Applicable Law and Discussion

#### Jurisdiction and Finality

As stated above, the Court has jurisdiction to entertain appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). (Emphasis ours). Hence, in order to determine whether we have jurisdiction, we most first determine whether the appealed order is final.

■ In *Bullard v. Blue Hills Bank*, —— U.S. ——, 135 S.Ct. 1686, 191 L.Ed.2d 621 (2015), the Supreme Court of the United States thoroughly explains the distinction between a final appealable order in an ordinary civil litigation, as opposed to a final appealable order in a bankruptcy proceeding. Although, the issue of finality of a bankruptcy order is discussed in the context of a Chapter 13 of the Bankruptcy Code, the principle of finality and appealability of a bankruptcy court order is the same regardless of the relief requested under the Bankruptcy Code.

> In ordinary civil litigation, a case in federal district court culminates in a "final decision[n]," 28 U.S.C. Section 1291, a ruling "by which a district court disassociates itself from a case," *Swint v. Chambers County Commission*, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). A party can typically appeal as of right only from that final decision. This rule reflects the conclusion that "[p]ermitting piecemeal, prejudgment appeals ... undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges,

who play a 'special role' in managing ongoing litigation." *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)).

> . . .

> The rules are different in bankruptcy. A bankruptcy case involves "an aggregation of individual controversies," many of which would exist as stand-alone lawsuits but for the bankruptcy status of the debtor. 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014). Accordingly, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657, n.3, 126 S.Ct. 2105, 165 L.Ed.2d 110 (2006) (internal quotation marks and emphasis omitted). The current bankruptcy appeals statute reflects this approach: It authorizes appeals as of right not only from final judgments in cases but from "final judgments, orders, and decrees ... in cases and proceedings." Section 158(a).

■ "A bankruptcy court order is considered final 'where it resolves and seriously affects substantive rights and ... finally determines the discrete issue to which it is addressed.'" *In the Matter of SK Foods, L.P. and RHM Industrial/Specialty Foods, Inc.*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir.2008)).

In *In re Rodriguez*, 516 B.R. 177, 183 (1st Cir. BAP 2014), the Bankruptcy Appellate Panel held that "[a]n order denying a motion for reconsideration is final if the underlying order is final and together the orders end the litigation on the merits," citing *Garcia Matos v. Oliveras Rivera (In*

*re Garcia Matos)*, 478 B.R. 506, 511 (1st Cir. BAP 2012). The *Rodriguez* Court further held that the "[a]ppellate courts apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law." ... "We review a bankruptcy court's order denying a motion for reconsideration of a previous judgment for manifest abuse of discretion," *see also* the collection of cases cited therein.

In *Rodriguez*, 516 B.R. 177, the debtor was also a repeated filer, as debtor/appellant Rivera Balaguer in the instant case. The Bankruptcy Judge denied debtor Rodriguez' motion for reconsideration of dismissal of debtor's latest chapter 13 case, and dismissed the case with prejudice. The Bankruptcy Appellate Panel affirmed the bankruptcy court's order denying debtor Rodriguez' motion for reconsideration of dismissal order.

*See also In re San Miguel Sandoval*, 327 B.R. 493 (1st Cir. BAP 2005) ("An order denying reconsideration is a final appealable order if the underlying order was a final appealable order, and together the orders end the litigation on the merits") (citations omitted).

Further, in *Dickey v. Harrington*, 559 B.R. 547, 549 (D.Mass.2016), the Court held:

> When considering an appeal of the bankruptcy court's dismissal of a case under 11 U.S.C. § 1112(b), this Court "review[s] the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*." *In re Colon Martinez*, 472 B.R. 137, 143 (1st Cir. BAP 2012). "The bankruptcy court, however, has 'broad discretion to determine whether either conversion or dismissal is in the best interests of creditors and the estate after finding cause.' Accordingly, the decision of the bankruptcy court on which relief to elect is reviewed for an abuse of discretion. 'A court abuses its discretion

if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.'" *In re Efron*, 529 B.R. 396, 405 (1st Cir. BAP 2015) (internal citation and citation to quoted case omitted).

In the instant case, Appellant Rivera Balaguer has appealed the *Order* denying reconsideration of dismissal entered on February 11, 2016, Bankruptcy No. 15–05521 BKT, Docket No. 46. *See* n.2 *infra*.

This Court has jurisdiction to entertain the instant appeal, as the *Order* denying reconsideration of dismissal is a final appealable order, as well as the underlying *Order Dismissing Case* of February 9, 2016, Docket No. 44 of Bankruptcy No. 15–05521 BKT. *See Bullard v. Blue Hills Bank*, —— U.S. ——, 135 S.Ct. at 1691, 1692, 191 L.Ed.2d 621.

**Contested Matters and Service of Motions**

In *In re Hoover*, 828 F.3d 5 (1st Cir. 2016), the Court held that a motion to dismiss in a bankruptcy proceeding constitutes a contested matter, as provided by Rule 9014 of the Federal Rules of Bankruptcy Proceeding ("Fed.R.Bank.P.").

> In contested matters such as motions to dismiss or convert a case under section 1112(b), Federal Rule of Bankruptcy Procedure 9014 applies. *See* Fed. R. Bank. P. 9014(a) ("**[R]elief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.**"); *see also id.* 1017(f)(1) ("Rule 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter, except under [certain provisions not relevant here].") **So the question is, did [Rivera Balaguer] receive "reasonable notice and opportunity for [a] hearing"?** (Emphasis ours).

Generally, a motion to dismiss is considered a contested matter under Fed. R.Bankr.P.9013. "A motion to dismiss a Chapter 7 or Chapter 11 case by a party of interest or by the United States Trustee is without a doubt governed by Bankruptcy Rule 9013 and is a contested matter governed by Bankruptcy Rule 9014." Norton *Bankruptcy Law and Practice* 3D *Bankruptcy Rules*, pages 653–654. "A motion to dismiss filed by a party in interest in a Chapter 11 case usually seeks a dismissal on two distinct grounds: (1) that the debtor is not eligible to be a debtor under Chapter 11 or (2) that the Chapter 11 should be dismissed under one of the several grounds set forth in the [Bankruptcy] Code [11 U.S.C. Section 1112(b)]." *Id. See also* the *Order* denying the motion for reconsideration of dismissal of February 11, 2016, and the findings of fact and conclusions of law made by the Bankruptcy Judge. *See infra* n.2.

Fed.R.Bankr.P.9014. Contested Matters, provides in its relevant part:

(a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

(b) Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d). Any written response to the motion shall be served within the time determined under Rule 9006(d). Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P.

(c) Application of Part VII Rules. **Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071.** (Emphasis ours).

Fed.R.Bank.R.7004(a)(1) provides in its relevant part that: "Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (*l*), and (m), Fed.R.Civ.P. applies in adversary proceedings." Hence, Fed. R.Bankr.P.9014(c) specifically excludes the use of Fed.R.Bankr.P.7004(a)(1), that is, service by summons, in contested matters.

Moreover, the Bankruptcy Judge held in his *Order Dismissing Case* of February 9, 2016, as follows: "Said rule [Fed.R.Bankr. P.9014] does not actually require[s] summons." Indeed, Fed.R.Bankr.P.9014(c) specifically excludes the use of Fed.R.Bank.P. 7004(a)(2) in a contested matter, "unless the court directs otherwise." *See* Fed. R.Bankr.P.9014(c). *See* Docket No. 44 of Bankruptcy No. 15–05521 BKT.

As stated above, the core of this matter is whether the motion to dismiss filed by Appellee was properly served upon the Appellant, and whether Rivera Balaguer received notice and opportunity for a hearing. The answer to both inquiries is in the affirmative. *See* the following documents:

1. *Motion to Dismiss with a Bar to Refiling* filed on January 13, 2016 and was electronically notified to all parties in interest using the CM/ECF System. *See* **Docket No. 32**, and the Certificate of Service included in the Motion wherein debtor's attorney is listed.

2. *Order and Notice* of January 14, 2016 filed under **Docket No. 34**, giving notice and setting a hearing for February 10, 2016, on Appellant's *Motion to Dismiss with a Bar to Re–File* filed

on January 13, 2016 under Docket No. 34.

3. *Motion to Quash Motion to Dismiss Dkt No. 32* filed on January 16, 2016 under **Docket No. 35**, by Rivera Balaguer, re: *Motion to Dismiss with a Bar to Refiling*, and *Order and Notice to Consider Motion to Dismiss with a Bar to Refiling*, Docket entries No. 32, 34.

4. Certificate of Service re: *Order and Notice. See* **Docket No. 37**.

5. Certificate of Service filed by Creditor/Appellee upon Debtor/Appellant re: *Motion to Dismiss with a Bar to Refiling. See* **Docket No. 38**.

6. *Order to Show Cause* filed under **Docket No. 41**. The *Order* reads as follows:

Debtor(s) will show cause in writing within 21 days, by 02/24/2016, why the plan in this case have not been filed within the period granted to do so, as per the Minutes of the hearing held on 12/16/2015 (Docket # 28).

If Debtor (s) fails to comply with this order, the Court may convert or dismiss this case without further hearing. The Clerk to give the notice and follow up.

In San Juan, Puerto Rico, this February 03rd, 2016.

[Signed by the Hon. Brian K. Tester, U.S. Bankruptcy Judge]

c: ALL DEBTORS

DEBTOR (S)

MAXIMIALIANO      TRUJILLO GONZALEZ

UST

7. *Order Dismissing Case* filed under **Docket No. 44.** *See infra* n.1.

8. *Order* denying reconsideration of dismissal filed under **Docket No. 46.** *See infra* n.2.

**Issues and Discussion**

Based on these premises, we proceed to consider the parties' arguments. Appellant raised three issues on appeal and framed them as follows:

1. Whether the motion to dismiss filed by Appellee "was properly served, and whether or not the U.S. Bankruptcy Court acquired personal jurisdiction to dismiss the bankruptcy case, in view of the fact that movant did NOT comply [with] Federal Rule of Bankruptcy Procedure 9014, which requires that a contested matter, and a Motion to Dismiss is one (FRBP 1017), BE SERVED IN THE MANNER PROVIDED FOR THE ISSUE AND A COMPLAINT, pursuant to FRBP 7004." (Emphasis on the original). The Court notes that Appellant also questioned the abrogation of Local Rule 9014–1(b), "which limited the issuance of summons in contested matters to Motion to Lift Stay under 11 USC 362," as a "violation of the due process clause of the Vth Amendment to the United States Constitution, and a second basis for reconsideration of the Order of Dismissal." *See* Docket No. 4, page 5 of Civil No. 16–1359 (DRD).

The Court will not address the issue of the abrogation of Local Rule 9014–1(b) nor its constitutionality and/or potential violation to the Fifth Amendment of the United States Constitution, and defers ruling on this matter. *See In re San Miguel Sandoval*, 327 B.R. 493, 506–507, and the discussion on "Due Process and Bankruptcy Proceedings":

Notwithstanding strict application of the limits and duties imposed on creditors by the Bankruptcy Code and the Bankruptcy Rules, proceedings in bankruptcy cases are subject to the requirements of due process under the Fifth Amendment to the United States Constitution.

*Aboody v. U.S. (In re Aboody)*, 223 B.R. 36, 40 (1st Cir. BAP 1998). Thus, general principles limiting a creditor's rights in bankruptcy give way when the creditor has not received sufficient notice of the bankruptcy case. *See In re O'Shaughnessy*, 252 B.R. 722, 731 (Bankr.N.D.Ill. 2000); *In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.*, 149 B.R. 746, 750 (Bankr.D.P.R.1993). The Supreme Court has repeatedly stated that in order to satisfy due process, notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Accordingly, a debtor's objection to a late claim cannot constitutionally be sustained and the creditor's claim barred of the debtor's failure to list, or inaccurate listing of, the creditor causes the creditor to miss the proof of claim deadline. *In re Anderson*, 159 B.R. 830, 836–40 (Bankr.N.D.Ill.1993). Similarly, confirmation of a chapter 13 plan cannot be *res judicata* as to objections later raised by a creditor if the creditor has not received adequate notice in the bankruptcy case.

■ In the instant case, the Court finds that there was adequate notice and opportunity for a hearing. However, Appellant Rivera Balaguer repeated failures to comply with the Bankruptcy Court orders, failure to repeatedly comply with the domestic support payments to the Appellee, and the deadlines set by the Bankruptcy Court, led the Bankruptcy Judge to dismiss Rivera Balaguer's third bankruptcy petition with a bar to re-file of two years as requested by the Appellee.

2. "Whether the Bankruptcy Court erred in entering the *Order Dismissing Case* on February 9, 2016, Docket No. 44 of Bankruptcy No. 15–05521, after issuing an *Order* setting a hearing for February 10, 2016 on the motion to dismiss under Docket No. 34 of Bankruptcy No. 15–05521. Is it due process to dismiss a case the day BEFORE the hearing set to discuss said matter? Why was said motion Dkt. 32 deemed unopposed when it was opposed, on procedural grounds, in the Motion to Quash Dkt. 35? Is it DUE PROCESS to deny the opportunity to present its position ONE DAY before the hearing to consider the matter?" (Emphasis on the original). *See* Docket No. 4, Civil No. 16–1359 (DRD).

"Also, from what was stated by the Honorable Court (Dkt 32), the issue as to whether or not debtor had been properly served in this contested matter, was to be argued in a hearing to be held on February 10, 2016. Is this series of events mentioned above compatible with Vth Amendment of the United States Constitution?" *See* Docket No. 16–1359 (DRD).

3. "Whether or not the U.S. Bankruptcy Court was in error by not granting debtor a Reconsideration of the Order dismissing the case, which was properly based in law and in fact." *See* Docket No. 4, Civil No. 16–1359 (DRD).

*See supra* page 337, this Court's discussion under the Appellant's first issue.

Appellee's arguments may be summarized as follows by the District Court:

1. Whether the *Motion to Dismiss with Bar to Refiling* was properly served thus allowing the Bankruptcy Court to acquire personal jurisdiction to dismiss the bankruptcy case.

2. Whether Due Process was violated by granting the *Motion to Dismiss with a Bar to Refiling* the day before the scheduled hearing.

Appellee correctly argues that it is uncontested that the motion to dismiss is a contested matter under Fed.R.Bankr.P. 9014(b), "where relief is to be sought by motion, and as such must be served in accordance with Rule 9014(b)." *See* Appellee's *Brief in Opposition to Appeal*, Docket No. 5, Civil No. 16-1359 (DRD). "It should be noted that Appellant does not argue that the Motion was not served to debtor or debtor's attorney but that it needed to be served with a summons." *See* Docket No. 5, page 10. "Fed.R.Bankr.P. 9014(b) requires service of contested motion pursuant to Fed.R.Bank.P.7004 but does not require service of summons." *See* Docket No. 5, page 10, citing *Scrivner v. Mashburn (In re Scrivner)*, 370 B.R. 346 (10th Cir. BAP 2007).

Lastly, Appellee argues that: (a) the Appellant failed to support his position on the issues raised on appeal; (b) the Bankruptcy Court orders dismissing the bankruptcy case and denying the reconsideration of dismissal did not violate the Due Process under the United States Constitution; and (c) the *Motion to Dismiss with a Bar to Refiling* was served appropriately under Fed.R.Bankr.P.9014(b) and 7004. The Court agrees and add that the debtor was also properly notified of the setting of a hearing to consider Appellee's motion to dismiss.

After a thorough review of the Bankruptcy Court record, this Court finds that there are no due process violations, as all motions and orders were properly served, notified, and an opportunity for a hearing was provided by the Bankruptcy Court to the Appellant. The Appellant, however, repeatedly failed to comply with the orders of the Bankruptcy Court, as well as the provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

Furthermore, Appellant is a repeated filer who consistently failed to prosecute his bankruptcy petition, and failed to repeatedly comply with Appellee's Domestic Support Obligation. The record further shows that each bankruptcy filing was made on the eve of a hearing in the state court to entertain Rivera Balaguer's failure to comply with the Appellee's Domestic Support Obligation payments. *See* Docket No. 32, *Motion to Dismiss with a Bar to Refiling*, Bankruptcy No. 15-05521 BKT ("Debtor has shown a pattern of non compliance and lack of honest purpose not only in his obligation towards his children, but also, in filing bankruptcy petitions, particularly when each of them have been filed on the eve of contempt hearings scheduled by the Puerto Rico Family Courts"). This reiterated practice, the Court considers, constitutes an abuse of bankruptcy proceedings by Appellant Ricardo Jesus Rivera Balaguer.

It is debtor's responsibility and obligation to comply with the law, and with debtor's duties. The Bankruptcy Court, as well as any other court, cannot do debtor's homework nor comply on behalf of debtor's past economic obligations. "A party cannot expect a trial court to do his homework for him." *Cruz–Baez, et als. v. Negron–Irizarry*, 220 F.Supp.2d 77, 79, n.3 (D.P.R.2002), citing *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). "Rather parties have an affirmative responsibility to put their best foot forward ... " *Cruz–Baez*, 220 F.Supp.2d at 79, citing *McCoy*, 950 F.2d at 23.

After having reviewed the findings of facts under the clearly erroneous standard and the conclusions of law under the *de novo* standard, this Court finds that the Bankruptcy Court did not abuse its discretion when dismissing debtor's third consecutive bankruptcy petition all relating to failure to comply with the Appellee creditor for domestic support obligation. *See In*

*re Rodriguez*, 516 B.R. at 183. "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact," citing *De Jounghe v. Lugo Mender (In re Jounghe)*, 334 B.R. 760, 765 (1st Cir. BAP 2005) (citation omitted).

## Conclusion

For the reasons stated above, the *Order* denying the motion for reconsideration of dismissal is AFFIRMED, and the appeal filed by the Debtor/Appellant is DISMISSED.

Judgment will be entered accordingly.

IT IS SO ORDERED.